PER CURIAM.
 

 Dominick R. Caesar, Jr., appeals the decision of the United States Court of Appeals for Veterans Claims granting his request to remand his case to the Board of Veterans’ Appeals with instructions to consider “new and material evidence” related to his claim for service connection of an ear injury.
 
 See Caesar v. West,
 
 No. 96-1033, slip op. at 8, 1998 WL 654152 (Vet.App.1998)
 
 (“Caesar II
 
 ”). Because Caesar challenges a non-final order, this court does not have jurisdiction over his appeal, which we therefore dismiss.
 

 I
 

 Caesar served under General Patton in the fields of Northern France during World War II. He claims to have suffered an injury from a gun being fired close to his left ear during a battle. Since 1956, Caesar has sought compensation for the residual effects of that blast injury. An earlier appeal to this court resulted in a remand to the Court of Appeals for Veterans Claims.
 
 See Caesar v. West,
 
 No. 97-7069, slip op. at 5, 155 F.3d 566 (Fed.Cir.1998) (“Caesar
 
 I”).
 

 On remand, the Court of Appeals for Veterans Claims determined that Caesar had “presented evidence that he had continual discharge from his left ear since the alleged in-service blast injury and that he had kept cotton in his ears because of that discharge. This evidence is new, and it is probative_”
 
 See Caesar II,
 
 slip op. at 7. Accordingly, that court determined that Caesar had met the standard for “new and material evidence” and remanded the case to the Board of Veterans’ Appeals for further proceedings.
 
 See id.
 
 at 8.
 

 This appeal followed. Caesar argues that the Court of Appeals for Veterans Claims violated the mandate of this court, expressed in
 
 Caesar I,
 
 by failing to address his argument that his case should be reopened pursuant to the “new and material evidence” standard found in 38 U.S.C. § 1154(b). He suggests, correctly, that such an argument prompted our remand in
 
 Caesar I. See
 
 slip op. at 4-5. Caesar now asserts that the Court of Appeals for Veterans Claims was specifically required to address his section 1154(b) argument on remand, and that allowing his case to proceed under the auspices of 38 C.F.R. § 3.303(b) (1997) without addressing the section 1154(b) question constituted legal error.
 

 II
 

 Before addressing Caesar’s appeal, however, we must, as always, satisfy ourselves that this court has jurisdiction over his case. This court’s jurisdiction extends only to final decisions by the Court of Appeals for Veterans Claims.
 
 See, e.g., Travelstead v. Derwinski,
 
 978 F.2d 1244, 1248 (Fed.Cir.1992). Caesar does not contend that the remand decision by the Court of Appeals for Veterans Claims— allowing him reopen his claim for service connection at the Board of Veterans’ Appeals — is a type of decision that will ordinarily vest this court with jurisdiction. Remands to administrative agencies, because they mark a continuation of the case, are not generally considered final decisions for jurisdictional purposes.
 
 See Cabot Corp. v. United States,
 
 788 F.2d 1539, 1543 (Fed.Cir.1986).
 

 Caesar instead argues that the decision should be considered final by virtue of the “collateral order exception,” whereby important legal issues that would otherwise become effectively unreviewable at a later stage in the litigation may be considered by this court, notwithstanding that such issues may be presented only in an otherwise nonfinal judgment.
 
 See Coopers & Lybrand v. Livesay,
 
 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978);
 
 Abney v. United States,
 
 431 U.S. 651, 658, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977);
 
 Cohen v. Beneficial Indus. Loan Corp.,
 
 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528
 
 *1375
 
 (1949). Such cases are rare, however, and require the following:
 

 (1) the appealed order must conclusively determine the question;
 

 (2) the order must “resolve an important issue completely separate from the merits of the action”; and,
 

 (3) the order must be effectively unre-viewable from a final judgment in the case.
 

 Coopers & Lybrand,
 
 437 U.S. at 468, 98 S.Ct. 2454. This is not such a case. The section 1154(b) issue raised by Caesar— “what evidence is necessary to reopen a claim for service connection under [35 U.S.C.] § 1154(b)” — was obviously not resolved by the remand decision below. Further, what evidence is required to reopen a claim under section 1154(b) is plainly deeply intertwined with Caesar’s continuing effort to gain compensation for his wartime injuries. And nothing in the Court of Appeals for Veterans Claims’ decision prevents Caesar from presenting his section 1154(b) arguments at some later stage of the dispute, if necessary. Caesar’s assertion of the collateral order exception is therefore unavailing.
 

 CONCLUSION
 

 Because Caesar has not appealed from a final judgment, we lack jurisdiction over the case, and therefore must dismiss his appeal.
 

 Costs
 

 No costs
 

 DISMISSED