**Daniel R. SMITH, Claimant–Appellant,**

v.

**Hershel W. GOBER, Acting Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 99–7044.**

United States Court of Appeals, Federal Circuit.

Jan. 18, 2001.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, KS, argued for claimant-appellant.

Deborah P. Samuel, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were David W. Ogden, Assistant Attorney General; David M. Cohen, Director; and Kirk T. Manhardt, Assistant Director. Of counsel on the brief were Richard J. Hipolit, Deputy

---

Assistant General Counsel, Department of Veterans Affairs, of Washington, DC, and Martie Adelman, Attorney. Of counsel was Donald E. Zeglin.

Before MAYER, Chief Judge, PLAGER, Senior Circuit Judge,* and LOURIE, Circuit Judge.

PLAGER, Senior Circuit Judge.

Veteran Daniel R. Smith appeals from a decision of the Court of Appeals for Veterans Claims. That court affirmed the decision of the Board of Veteran's Appeals ("BVA") denying Mr. Smith's claim of clear and unmistakable error in an earlier decision on his claim for a service connection for vision problems. *Smith v. West,* No. 97–2013, 1998 WL 778284, at *4 (Vet. App. Oct.23, 1998). In the same decision, the Court of Appeals for Veterans Claims also remanded to the BVA Mr. Smith's claim that he had presented new and material evidence sufficient to justify reopening the previously denied claim. The remand was ordered in light of this court's subsequent decision in *Hodge v. West,* 155 F.3d 1356 (Fed.Cir.1998). *Smith,* 1998 WL 778284, at *5. Because the decision of the Court of Appeals for Veterans Claims was not final, we dismiss the appeal.

## BACKGROUND

Veteran Daniel R. Smith was discharged from the United States Army in 1965, after he was diagnosed with a congenital eye disorder. Beginning in 1966, he has filed a series of claims for service connection for various vision problems. The claims have all been denied, as have Mr. Smith's later attempts to reopen the claims. In 1996, Mr. Smith filed a new claim, alleging that the Regional Office ("RO") of the Department of Veteran's Affairs ("DVA") had committed clear and unmistakable error ("CUE") when it denied his original 1966 claim, and that therefore he should be entitled to benefits retroactive to the date of that claim. In the alternative, Mr. Smith presented what he alleged to be new and material evidence

("NME") sufficient to justify reopening the previously denied 1966 claim. The DVA found no CUE in the original decision, and also found that Mr. Smith had not presented NME sufficient to justify reopening the original claim. Mr. Smith appealed to the BVA, which affirmed on both counts.

Mr. Smith appealed to the Court of Appeals for Veterans Claims, which affirmed the denial of the CUE claim. However, it concluded that this court's subsequent decision in *Hodge,* changing the standard for assessing whether evidence was new and material, necessitated a remand for the BVA to reconsider the NME claim. Mr. Smith now appeals the decision of the Court of Appeals for Veterans Claims regarding his CUE claim to this court, alleging that the Court of Appeals for Veterans Claims applied the wrong standard of review in assessing the BVA's decision.

## DISCUSSION

■ This court has interpreted its jurisdictional statute as providing for appeal of only final decisions of the Court of Appeals for Veterans Claims. *Winn v. Brown,* 110 F.3d 56, 57 (Fed.Cir.1997) (citing *Travelstead v. Derwinski,* 978 F.2d 1244, 1247–49 (Fed.Cir.1992)); *Caesar v. West,* 195 F.3d 1373, 1374 (Fed.Cir.1999) (same). Although the parties did not address this issue in their briefs, it is the duty of this court at all times to consider its own jurisdiction, whether or not the issue was raised by the parties, *e.g., Travelstead,* 978 F.2d at 1247, and the court raised the issue at oral argument. We hold that the decision appealed is not final for the purposes of invoking this court's jurisdiction, and we therefore dismiss the appeal.

As discussed above, Mr. Smith had pending before the Court of Appeals for Veterans Claims two claims, one for CUE and one for NME, the decision on only one of which (the CUE claim) is appealed to this court. We must decide whether the two claims are separate claims, which may

* Judge Plager assumed senior status on November 30, 2000.

be appealed separately, or whether they are parts of the same claim, which must be appealed together. *See Elkins v. Gober,* 229 F.3d 1369, 1372–1377 (Fed.Cir.2000) (analyzing the separability of veterans' claims); *see also Kinetic Builder's Inc. v. Peters,* 226 F.3d 1307, 1311–1316 (Fed.Cir. 2000) (making a similar analysis regarding government contract claims).

In our recent decision in *Elkins,* we specifically considered the issue of under what circumstances veterans' claims may be deemed separable for purposes of appeal to this court, so that some claims may be appealed despite the remand of other claims raised in the same case. In *Elkins,* veteran Norval Elkins had presented a series of claims for injuries arising from a car crash that occurred while he was in service. The Court of Appeals for Veterans Claims had affirmed the denial of Elkins's headache claims, but remanded his back injury claims. On appeal to this court, we held that we had jurisdiction to consider the appeal of the denied claims, despite the remand of the other claims. We concluded that the beneficial nature of the veterans' claim system suggested a certain flexibility in applying the finality requirement, particularly since the system allowed for, but did not require, the simultaneous pursuit of unrelated claims. In Elkins's case, we concluded that "[b]ecause Elkins' [appealed] headache claim and neck argument do not appear to be intertwined with his [remanded] back claim, it appears that our review of . . . these two matters will not 'disrupt the orderly process of adjudication [of] the remanded claim.'" *Elkins,* 229 F.3d at 1375–76 (citations omitted).

█ In the present case, we hold that, unlike in *Elkins,* the facts underlying the two claims are sufficiently intertwined that they should be considered together. *Cf. Elkins,* 229 F.3d at 1375–76 (holding that the court would hear the appeal because the appealed claims were not "intertwined" with the remanded claims); *Kinetic Builder's,* 226 F.3d at 1314 (holding that government contract claims are separable when

they "focus on a different or unrelated set of operative facts"). In the case before us, analysis of both claims must begin with a careful evaluation of what occurred in the course of rendering a decision on Mr. Smith's 1966 claim for a service connection, to determine whether that decision was clearly and unmistakably erroneous in view of the law and evidence available at the time (for the CUE claim) and whether Mr. Smith's newly presented evidence is in fact new and material (for the NME claim). Because the underlying facts of the two claims are so intimately connected, we conclude that, in the interests of judicial economy and avoidance of piecemeal litigation, they should be appealed together.

Finally, we note that the judgment regarding the CUE claim will not be "effectively unreviewable at a later stage," and therefore the present appeal does not fall within the collateral order exception to the finality requirement. *See, e.g., Caesar,* 195 F.3d at 1375; *Winn,* 110 F.3d at 59.

## CONCLUSION

Because the decision of the Court of Appeals for Veterans Claims was not final as to both CUE and NME issues, we conclude that the appeal must be dismissed. This dismissal is without prejudice to Mr. Smith's right to challenge the decisions of the Court of Appeals for Veterans Claims on both CUE and NME when both decisions are final.

*DISMISSED.*