Kenneth B. MASON, Jr., Claimant–Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent– Appellee.

No. 00–7113.

United States Court of Appeals, Federal Circuit.

Jan. 30, 2001.

Before NEWMAN, MICHEL, and RADER, Circuit Judges.

*ORDER*

MICHEL, Circuit Judge.

The court, on its own motion, determines as follows:

Kenneth Mason contests the authority of the United States Court of Appeals for Veterans Claims ("Veterans Court") to enter its February 15, 2000 order remanding this dispute over attorney fees for further proceedings.

 This court's jurisdiction to review Veterans Court decisions extends only to

---

final judgments. *See Johnson v. Derwinski,* 949 F.2d 394 (Fed.Cir.1991). Under the collateral order exception to the final judgment rule, an otherwise non-final judgment may be appealed only if: (1) the appealed order conclusively determined the question; (2) the order resolved an important issue completely separate from the merits of the action; and (3) the order would be effectively unreviewable from a final judgment in the case. *Caesar v. West,* 195 F.3d 1373, 1374–75 (Fed.Cir. 1999).

 The Veterans Court decision appealed by Mason in this case is an order remanding the matter for further findings and proceedings, and thus is not a final judgment appealable to this court. This case does not fall under the collateral order exception because it fails the third prong of the test above.

Mason cites several cases to suggest we have jurisdiction over this order. None of these, however, are apposite. *Maggitt v. West,* 202 F.3d 1370 (Fed.Cir.2000), involves an appeal from a final decision. Similarly, in *Trent Tube Division v. Avesta Sandvik Tube AB,* 975 F.2d 807 (Fed. Cir.1992), our jurisdiction was premised upon the appeal of a final decision. And in *FMC Corp. Packaging Sys. Division v. Medtronic, Inc.,* 208 F.3d 445 (3d Cir. 2000), the Third Circuit explicitly based its decision to exercise jurisdiction over a district court remand order on an exception to 28 U.S.C. § 1447(d), inapplicable here, created by the Supreme Court in *Thermtron Prod., Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976).

Since we lack authority to review the order appealed from in this case, we are required to dismiss this appeal for lack of jurisdiction.

Accordingly,

IT IS ORDERED THAT:

Mason's appeal is dismissed.