DECISION
SCHALL, Circuit Judge.
Farron L. Wallis appeals from the decision of the United States Court of Appeals for Veterans Claims that upheld the November 1998 decision of the Board of Veterans’ Appeals. Wallis v. West, No. 99-195 (Mar. 24, 2000). That Board decision determined that there was no clear and unmistakable error (“CUE”) in the 1976 regional office decision (“1976 RO decision”) that denied Mr. Wallis’ claim for service connection for an acquired psychiatric disorder. In re Wallis, No. 95-30568 (Nov. 6, 1998). Because we determine that we lack jurisdiction over Mr. Wallis’ appeal, we dismiss.
DISCUSSION
I.
Mr. Wallis served on active duty in the U.S. Navy from February of 1973 to August of 1974. In 1975, he submitted a claim for benefits for “nervous disorder” and “nervousness” to the RO in Little Rock, Arkansas. The RO denied the claim in 1976, noting that Mr. Wallis’ service medical records were silent as to the alleged condition and that the alleged condition constituted a- “constitutional or developmental abnormality” that was not compensable under the law. Mr. Wallis did not appeal the 1976 RO decision.
In April of 1994, Mr. Wallis sought to reopen the claim that was denied by the 1976 RO decision. When the request to reopen was denied in August of 1994, Mr. Wallis filed a Notice of Disagreement (“NOD”) alleging that the denial was erroneous. In January of 1995, Mr. Wallis filed a second NOD. In it, in addition to challenging the denial of his request to reopen, he asserted that the 1976 RO decision contained CUE. In May of 1995, Mr. Wallis filed an appeal of the August 1994 decision that denied his request to reopen the 1976 decision. The appeal also argued that there was CUE in the 1976 RO decision.
In February of 1997, the RO issued a decision that denied Mr. Wallis’ CUE claim. That decision did not address the issue of whether the 1976 claim should be reopened. Mr. Wallis appealed the 1997 RO decision to the Board. In May of 1997, the Board issued a decision that determined that Mr. Wallis had submitted new and material evidence sufficient to reopen the 1976 claim. The Board therefore remanded Mr. Wallis’ reopened claim to the RO for a determination on the merits.
*947 In October of 1997, the RO determined that the entire record, including the prior and new evidence, did not establish service connection for an acquired psychiatric disorder. The Board reviewed that decision and, in a decision issued November 6, 1998, remanded the portion of the case that was related to the reopened claim, instructing the RO to try to obtain additional medical records and information on Mr. Wallis’ social security benefits. The Board also decided the CUE issue. The Board determined that the RO had committed legal error when it stated that Mr. Wallis’ alleged condition was a constitutional or developmental abnormality that was not compensable as a matter of law. The Board also determined, however, that the error did not constitute CUE because it was not outcome determinative. The Board reasoned that, because the evidence of record in 1976 did not indicate that Mr. Wallis had a service connected acquired psychiatric disorder, the result of the 1976 RO decision-that Mr. Wallis was not entitled to service connection for his condition-was correct despite the RO’s legal error.
Mr. Wallis appealed to the Court of Appeals for Veterans Claims the portion of the November 1998 Board decision that denied his CUE claim. The court affirmed the Board, determining that the Board’s conclusion that Mr. Wallis had not demonstrated that the RO’s error was outcome determinative was not arbitrary, capricious, an abuse of discretion or not in accordance with the law. Mr. Wallis appeals the court’s decision.
II.
The threshold issue before us is whether we have jurisdiction over Mr. Wallis’ appeal. Although the parties did not address this issue in their briefs, it is our duty to verify that we have jurisdiction over an appeal. Smith v. Gober, 236 F.3d 1370, 1371 (Fed.Cir.2001). Our jurisdiction with respect to a decision of the Court of Appeals for Veterans Claims is limited by 28 U.S.C. § 7292. We have interpreted that statute as giving us jurisdiction over “only final decisions of the Court of Appeals for Veterans Claims.” Id.
As set forth above, Mr. Wallis had two claims pending before the Board, his reopened claim and his CUE claim. Only the CUE claim was appealed to the Court of Appeals for Veterans Claims because the Board remanded the reopened claim to the RO. If the CUE claim and reopened claim are separate claims, they may be appealed separately. Id. at 1371-72. If they are parts of the same claim, however, they must be appealed together. Id. at 1372.
In Smith, we determined that a CUE claim that had been denied by the Court of Appeals for Veterans Claims and a claim to reopen based on new and material evidence that the court had remanded to the Board were “sufficiently intertwined that they should be considered together.” Id. We held that because the decision of the court “was not final as to both [the] CUE issue and the [new and material evidence] issue, ... the appeal must be dismissed.” Id. We therefore dismissed the appeal without prejudice to the veteran’s right to challenge the decisions of the court on both claims “when both decisions are final.” Id.
This appeal differs from the one before us in Smith because in this appeal the only claim appealed to and decided by the Court of Appeals for Veteran’s Claims was the CUE claim. The rationale behind the dismissal in Smith, however, is applicable here. The facts of Mr. Wallis’ appealed CUE claim are intertwined with those of his remanded reopened claim because “analysis of both claims must begin with a *948 careful evaluation of what occurred in the course of rendering [the 1976 RO decision.]” See id. In Elkins v. Gober, 229 F.3d 1369, 1372 (Fed.Cir.2000), we explained that judicial review of administrative proceedings is appropriate as long as the “administrative decisionmaking has reached a stage where judicial review will not disrupt the orderly process of adjudication .” In this case, the resolution of Mr. Wallis’ CUE claim might interfere with the agency’s adjudication of his reopened claim. For example, a determination that the 1976 RO decision contains CUE might render his reopened claim moot, or might at least resolve some of the issues pertinent to that claim, such as whether Mr. Wallis’ suffered from a service-connected disability. Because the underlying facts of the CUE claim and the reopened claim are so intimately connected, we conclude that, “in the interests of judicial economy and avoidance of piecemeal litigation, they should be appealed together.” Smith, 236 F.3d at 1372.
The appeal is therefore dismissed without prejudice to Mr. Wallis’ right to challenge the decisions of the Court of Appeals for Veterans Claims on both the CUE claim and the reopened claim when decisions on both claims are final. See id.
Each party shall bear its own costs.