Pablo ORTIZ, Claimant–Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.

No. 03–7089.

United States Court of Appeals, Federal Circuit.

DECIDED: Sept. 5, 2003.

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.

PER CURIAM.

The appellant Pablo Ortiz appeals from an order of the United States Court of Appeals for Veterans Claims ("Veterans Court") excluding from the record on appeal to the Board of Veterans' Appeals ("Board") certain materials he wishes to include. *Ortiz v. Principi, Sec'y of Veterans Affairs*, No. 02–1292 (Vet.App. Jan. 13, 2003). Because that order is a non-final one that we have no jurisdiction to review directly, we *dismiss* the appeal.

I

Following Ortiz's military service, the Board rejected his benefits claims for disability of more than ten percent based on an ankle fracture he suffered in the service and total disability based on his unemployability. Ortiz appealed to the Veterans Court. In response to the Secretary of Veterans Affairs' designation of the record on appeal, Ortiz filed a counter designation covering additional medical documents. The Secretary moved to exclude those documents because they were not part of the record before the Board, since the Board had not received them before its final decision-an allegation Ortiz denied.

The Veterans Court granted the Secretary's motion to exclude. The court ruled that Ortiz "has provided no evidence that [the documents] were received by VA prior to the August 1, 2002, BVA [Board] decision on appeal," and that "[t]his court is precluded by statute from considering any material which was not contained in the 'record of proceedings before the Secretary and the Board.' 38 U.S.C. § 7252(b)." *Ortiz*, No. 02–1292 (citing *Rogozinski v. Derwinski*, 1 Vet.App. 19 (1990)). Ortiz seeks to appeal that ruling. The Veterans Court has not decided Ortiz's appeal on the merits.

II

Although "the statutory provision that gives this court jurisdiction over a decision of the Court of Appeals for Veterans

Claims does not expressly premise appellate review on the finality of that decision," in appeals from that court, "we have nonetheless generally declined to review non-final orders of the Veterans Court." *Williams v. Principi,* 275 F.3d 1361, 1363 (Fed.Cir.2002) (citations and internal quotation marks omitted). "This court has interpreted its jurisdictional statute as providing for appeal of only final decisions of the Court of Appeals for Veterans Claims." *Smith v. Gober,* 236 F.3d 1370, 1371 (Fed.Cir.2001) (citations omitted). Although "[t]his court typically will not review remand orders by the Veterans Court because they are not final judgments," it has treated such orders as final and reviewable in certain limited circumstances. *Williams,* 275 F.3d at 1364 (citations and internal quotations marks omitted).

There is no theory, however, upon which the order from which Ortiz seeks directly to appeal could be viewed as final. It is simply a preliminary procedural order entered at the onset of the appellate proceeding. If the Veterans Court decides against Ortiz on the merits and Ortiz appeals that decision to this court, that would be the appropriate occasion for him to raise the procedural issue he now seeks to litigate.

The appeal is dismissed for lack of jurisdiction.