NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-7114

JOHNNY J. JONES,

Claimant-Appelllant,

v.

ANTHONY J. PRINCIPI, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  December 10, 2004

_____

Before RADER, Circuit Judge, ARCHER, Senior Circuit Judge, and DYK, Circuit Judge.

RADER, Circuit Judge.

Johnny J. Jones appeals an order of the United States Court of Appeals for Veterans Claims (Veterans Court) vacating and remanding the decision of the Board of Veterans Appeals (Board) that refused to reopen Mr. Jones' claim for service connection for paranoid schizophrenia.  Jones v. Principi, Vet. App. No. 01-1372 (Mar. 2, 2004).  Because the issues appealed by Mr. Jones are not the subject of a final decision of the Veterans Court, Mr. Jones' appeal is dismissed.

## I. BACKGROUND

Mr. Jones served on active duty in the United States Navy from August 1972 to August 1980, and on active duty for training in the Naval Reserves in August 1981, August 1982, August 1983, August 1984, and December 1984.  In December 1986, Mr.

Jones filed a claim with the VA for service connection for a nervous condition. The Department of Veterans Affairs (VA) denied Mr. Jones' claim, which decision was not appealed.

In May 1991, Mr. Jones attempted to reopen his claim for service connection. The VA regional office found that Mr. Jones had failed to present new and material evidence and refused to reopen his claim. The Board affirmed the decision of the VA regional office. Mr. Jones appealed the Board's decision to the Veterans Court. Jones, Vet. App. No. 01-1372. The Veterans Court vacated the Board's decision for failure to comply with the notice requirements of 38 U.S.C. § 5103(a) (2003) and the pertinent implementing regulations found at 38 C.F.R. § 3.159(b) (2003). Id. at 2-3. The Veterans Court did not reach the merits of Mr. Jones' claim, but instructed the Board to allow Mr. Jones to submit additional evidence and raise his arguments for reopening his claim. Id. at 3.

## II. DISCUSSION

This court's review is limited to final decisions of the Veterans Court. Williams v. Principi, 275 F.3d 1361, 1363 (Fed. Cir. 2002); Allen v. Principi, 237 F.3d 1368, 1372 (Fed. Cir. 2001) (citations omitted); Dambach v. Gober, 223 F.3d 1376, 1379 (Fed. Cir. 2000) (citations omitted); Caesar v. West, 195 F.3d 1373, 1374 (Fed. Cir. 1999) (citations omitted). Remands to administrative agencies are not generally considered final decisions. Myore v. Principi, 323 F.3d 1347, 1351 (Fed. Cir. 2003); Caesar, 195 F.3d at 1374 (citing Cabot Corp. v. United States, 788 F.2d 1539, 1543 (Fed. Cir. 1986)).

Mr. Jones argues that the Veterans Court failed to address the statutory and regulatory language of section 5103(a) and section 3.159(b). Because the Veterans Court vacated and remanded the Board's decision for a complete failure to consider section 5103(a) and section 3.159(b), the Veterans Court did not construe the language of those sections in rendering its decision. Because the Veterans Court remanded the case for a new determination considering those sections, no final decision interpreting those sections exists for this court to review. Because Mr. Jones' arguments on appeal regard the application of sections 5103(a) and 3.159(b) and the merits of his case, all of which has been remanded for consideration by the Board, this court must therefore dismiss Mr. Jones' appeal.