NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3141

RODOLFO H. ADAMS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  August 5, 2005

_____

Before SCHALL, <u>Circuit Judge</u>,  ARCHER, <u>Senior Circuit Judge</u>, and BRYSON, <u>Circuit Judge</u>.

PER CURIAM.

DECISION

Petitioner Rodolfo H. Adams seeks review of a decision of the Merit System Protection Board, Docket No. SE-0831-04-0104-I-1, affirming in part, vacating in part, and remanding a decision of the Office of Personnel Management ("OPM").  OPM's decision had denied Mr. Adams's claim for survivor benefits under the Civil Service Retirement System ("CSRS").  Because we lack jurisdiction to consider his petition for review, we <u>dismiss</u> the petition.

BACKGROUND

Mr. Adams's late father, Federico C. Adams, worked in the Philippines as a civilian employee of the Department of the Army, the Department of the Air Force, and the Veterans Administration at various times from the 1930's to the 1970's when he retired because of a physical disability. From January 1950 until March 1952, he worked for the Veterans Administration. At the end of that period, he applied for and received authorization for a refund of his CSRS contributions. When he finally ended his civilian service in 1973, the standard form 50 documenting his separation from service indicated that he was not eligible for pension benefits under any retirement plan. After he died in 1977, his widow applied for CSRS survivor benefits. The Civil Service Commission denied her claim. Mrs. Adams died in 1999, and the petitioner subsequently filed a claim with OPM for survivor benefits based on his father's civilian service.

OPM initially denied that claim because Mr. Federico Adams had received a refund of all of his retirement deductions and was therefore not eligible for benefits. OPM issued a reconsideration decision in which it found that, following Mr. Federico Adams's separation from the Veterans Administration in 1952, it authorized a refund of his retirement deductions. OPM concluded that Mr. Federico Adams was thus not eligible for CSRS benefits for that period of employment, and it therefore again denied the petitioner's claim for survivor benefits. OPM's reconsideration decision, however, did not address any other periods of service covered by the petitioner's claim for benefits.

The petitioner appealed the reconsideration decision to the Board but did not dispute the portion of OPM's decision finding that his father was ineligible for benefits for the period ending in 1952 when he was employed by the Veterans Administration. The Board accordingly affirmed that portion of the decision. However, the Board further concluded that OPM had failed to address Mr. Federico Adams's periods of service with the Department of the Army and the Department of the Air Force. The Board therefore remanded the matter to OPM to address those other periods of service. The Board directed OPM to issue a reconsideration decision within 90 days of the Board's decision becoming final. The petitioner filed a petition for review by the full Board, which was denied on February 22, 2005. Accordingly, the initial decision of the Board became the final decision on that date, and the remand decision from OPM became due 90 days from that date. During that 90-day period and before OPM issued the reconsideration decision, the petitioner filed this petition for review by this court.

DISCUSSION

Mr. Adams complains that according to the Board decision, OPM was required to issue its reconsideration decision 90 days from the Board's initial decision on May 4, 2004. We disagree. The Board ordered OPM to render its reconsideration decision within 90 days from the date that the Board's decision became final. The pertinent regulation, 5 C.F.R. § 1201.113, states that "[t]he initial decision of the judge will become final 35 days after issuance." However, subsection (a) of that provision states that "[t]he initial decision will not become final if any party files a petition for review within the time limit for filing specified in § 1201.114 of this part, or if the Board reopens the case on its own motion." If any party petitions for review, subsection (b) specifies

that "the initial decision will become final when the Board issues its last decision denying a petition for review." Accordingly, because Mr. Adams petitioned for review of the initial decision, the decision of the Board became final on February 22, 2005, the day it denied Mr. Adams's petition for review. Therefore, the 90-day period for OPM to issue its reconsideration decision had not expired when Mr. Adams filed his petition for review of the Board's final decision on April 18, 2005.

OPM contends that we lack jurisdiction to consider Mr. Adams's appeal. We agree. Our jurisdiction is limited to reviewing a "final order or decision" of the Merit Systems Protection Board. 5 U.S.C. § 7703(a)(1); 28 U.S.C. § 1295(a)(9). An order remanding a matter to an administrative agency for further proceedings and findings is not final. Cabot Corp. v. United States, 788 F.2d 1539, 1542 (Fed. Cir. 1986); see also Caesar v. West, 195 F.3d 1373, 1374 (Fed. Cir. 1999) ("Remands to administrative agencies, because they mark a continuation of the case, are not generally considered final decisions for jurisdictional purposes."). The rule permitting appeals only from final decisions of administrative agencies avoids judicial interference with ongoing administrative proceedings and "saves the expense and delays of repeated appeals in the same suit." Travelstead v. Derwinski, 978 F.2d 1244, 1247 (Fed. Cir. 1992). Because the Board remanded to OPM for further proceedings, the Board's decision is not final. We therefore dismiss Mr. Adams's appeal for lack of jurisdiction. If the Board issues an adverse final decision after OPM issues the reconsideration decision ordered by the Board, Mr. Adams may seek review of that decision at that time.