BRISCOE, Circuit Judge,
concurring,
joined by HARTZ, Circuit Judge:
I agree that this case is, as indicated by the majority, “procedurally separate” from the Sac & Fox Nation case and that, for reasons of sovereign immunity, the district court lacked jurisdiction to hear it. I therefore concur in the judgment. I write separately, however, to outline what I believe are extraordinary circumstances that appear to justify vacatur of the final judgment entered by the district court in the Sac & Fox Nation case and the authorization of further proceedings in that case.
There is simply no doubt that this case is, in substance, a continuation of the Sac & Fox Nation case. Except for the appearance of an additional plaintiff, the parties in this case are the same as in the Sac & Fox Nation case, and the plaintiffs in the instant case seek to challenge determi *847 nations made by the Secretary pursuant to additional administrative proceedings that we directed to be conducted in our 2001 decision in the Sac & Fox Nation case. See Sac & Fox Nation v. Norton, 240 F.3d 1250, 1268 (10th Cir.2001) (remanding “to the Secretary for further consideration of the question of whether Pub.L. 98-602 funds were used for the acquisition of the Shriner Tract.”). Indeed, the plaintiffs in this case, following the conclusion of the additional administrative proceedings we directed, attempted to continue the Sac & Fox Nation case by filing with the district court a motion to supplement the administrative record (to include the record of the additional administrative proceedings) and for a scheduling conference.
At the time plaintiffs filed that motion, the district court had already, and erroneously (since the parties’ dispute was far from settled), entered final judgment in the Sac & Fox Nation case. Cf. Trout Unlimited v. U.S. Dep’t of Agric., 441 F.3d 1214, 1218 (10th Cir.2006) (noting that a remand by a district court to an administrative agency for further proceedings is ordinarily not considered a final decision); Caesar v. West, 195 F.3d 1373, 1374 (Fed.Cir.1999) (“Remands to administrative agencies, because they mark a continuation of the case, are not generally considered final for jurisdictional purposes.”). Presumably in light of its having entered final judgment, the district court denied plaintiffs’ motion and directed them to proceed with their challenges to the Secretary’s decision by filing a “new and separate action.” Not surprisingly, plaintiffs, armed with our July 1996 order allegedly “preserving] the status quo” and protecting their rights to “obtain judicial review” of the Secretary’s decision to take the land at issue into trust, proceeded as directed by the district court and filed a new and separate action. In turn, the Secretary, consistent with the language of this court’s July 1996 order, proceeded to litigate plaintiffs’ challenges on the merits for over four years without asserting any sovereign immunity challenge to the plaintiffs’ new and separate action. In short, despite plaintiffs having consistently acted in a timely fashion to challenge the Secretary’s determinations, the actions of this court, the district court, and the Secretary have coalesced in the legally correct, but grossly inequitable, result we are now required to reach.
These circumstances, I submit, are sufficiently extraordinary in nature that they appear to warrant vacatur, pursuant to Federal Rule of Civil Procedure 60(b)(6), of the final judgment entered by the district court in the Sac & Fox Nation case. See McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir.2006) (noting that Rule 60(b)(6) “should be liberally construed when substantial justice will thus be served”) (internal quotation marks omitted). Absent vacatur of that judgment, manifest injustice will likely result: plaintiffs, through no fault of their own, will be prohibited from pursuing to conclusion the serious challenges they have raised regarding the propriety of the Secretary’s decision to take the land at issue into trust. At the same time, the public’s broad interest in ensuring that the Secretary has fairly and adequately carried out his obligations will be stymied.