Citation Nr: 1134097 
Decision Date: 09/12/11 Archive Date: 09/22/11

DOCKET NO. 09-35 261 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska


THE ISSUES

1. Whether the reduction of the disability evaluation from 50 percent to 30 percent, effective January 1, 2011, for the Veteran's service-connected bilateral hearing loss disability was proper.

2. Entitlement to a disability rating greater than 50 percent prior to January 1, 2011, greater than 30 percent from January 1, 2011, and greater than 40 percent from April 19, 2011 for a service-connected bilateral hearing loss disability. 

3. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Veteran represented by: John S. Berry, Esq.



ATTORNEY FOR THE BOARD

V. Chiappetta, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the United States Air Force from August 1954 to February 1956.

This matter is before the Board of Veterans' Appeals (the Board) on appeal of April 2009 and September 2010 rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Lincoln, Nebraska. 

Procedural history

In December 1998, the RO awarded the Veteran service connection for a bilateral hearing loss disability; a noncompensable disability rating was assigned, effective August 5, 1997. The RO increased this rating to 30 percent, effective December 29, 1998; to 40 percent, effective August 14, 2000; and to 50 percent effective April 27, 2005. In January 2009, the Veteran filed a claim of entitlement to an increased disability rating greater than 50 percent for his service-connected bilateral hearing loss disability.

In the above-referenced April 2009 rating decision, the RO denied the Veteran's increased rating claim. The Veteran disagreed with this decision, and perfected an appeal as to that issue. 

During the pendency of the appeal, the RO reduced the Veteran's disability rating from 50 to 30 percent, effective January 1, 2011. See the September 2010 RO rating decision [as corrected by the September 2010 SSOC, page 3]. In November 2010, the Veteran filed a Notice of Disagreement with the RO's decision to reduce his rating. To date, the agency of original jurisdiction (AOJ) has not issued a statement of the case (SOC) specific to the propriety of this reduction. Moreover, the Veteran's attorney has specifically referenced the need for an SOC in a May 12, 2011 letter to VA.

In February 2011, the Board remanded the Veteran's increased rating claim for additional evidentiary development-in particular, so that the AOJ could schedule the Veteran for an updated VA audiological examination. Such was achieved, and the AOJ readjudicated the Veteran's increased rating claim in a May 2011 supplemental statement of the case (SSOC). Based on the results of this newly-obtained VA examination, the RO increased the Veteran's hearing loss rating from 30 to 40 percent, effective April 19, 2011. See the May 2011 SSOC, pages 3 and 4. The Veteran has expressed continued dissatisfaction with his current rating, and has made clear his desire to proceed with his appeal. See AB v. Brown, 6 Vet. App. 35, 38 (1993) [when a veteran is not granted the maximum benefit allowable under the VA Schedule for Rating Disabilities, the pending appeal as to that issue is not abrogated]. 

The Board notes that in Rice v. Shinseki, 22 Vet. App. 447 (2009), the Court held that a claim for a TDIU due to service-connected disability or disabilities is part and parcel of an increased rating claim when such claim is raised by the record. As discussed in further detail in the REMAND section below, the medical evidence currently of record reasonably raises the issue of TDIU. In light of the Court's holding in Rice, the Board has considered the TDIU claim as part of his pending increased rating claim and is listing the raised TDIU claim as an issue on appeal.

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2010). 38 U.S.C.A. § 7107(a)(2) (West 2002).

Issue not on appeal

In February 2011, the Board issued a decision awarding service connection for major depressive disorder. Thereafter, in March 2011, the RO issued a rating decision that implemented the Board's decision and assigned an initial disability evaluation of 10 percent for major depressive disorder effective May 15, 2009. The Veteran has initiated, but has not yet perfected an appeal as to this initial rating. See the Veteran's April 2011 Notice of Disagreement; see also the August 2011 SOC. As such, the issue is not currently in appellate status. See Archbold v. Brown, 9 Vet. App. 124, 130 (1996) [pursuant to 38 U.S.C.A. § 7105(a), the filing of a notice of disagreement initiates appellate review in the VA administrative adjudication process, and the request for appellate review is completed by the claimant's filing of a substantive appeal after a statement of the case is issued by VA].

The appeal is REMANDED to the Department of Veterans Affairs Regional Office in Lincoln, Nebraska.


REMAND

The Board sincerely regrets having to remand the Veteran's claims for a second time. However, this remand is necessary to ensure that the Veteran receives all consideration due to him under the law.

Propriety of reduction

As noted above, the RO reduced the Veteran's hearing loss disability rating from 50 to 30 percent, effective January 1, 2011, in a September 2010 rating decision. Notably, the Veteran's 50 percent rating became effective April 27, 2005, more than five years prior to the effective date of the reduction. Accordingly, the protections set forth in 38 C.F.R. § 3.344 (2010) apply in this case. This section provides that rating agencies will handle cases affected by change of medical findings or diagnosis, so as to produce the greatest degree of stability of disability evaluations consistent with the laws and VA regulations governing disability compensation and pension. Under 38 C.F.R. § 3.344, the RO must find the following: (1) based on a review of the entire record, the examination forming the basis for the reduction is full and complete, and at least as full and complete as the examination upon which the rating was originally based; (2) the record clearly reflects a finding of material improvement; and (3) it is reasonably certain that the material improvement found will be maintained under the ordinary conditions of life. See Kitchens v. Brown, 7 Vet. App. 320 (1995); Brown v. Brown, 5 Vet. App. 413, 419 (1993). 

In its February 2011 decision, the Board indicated it would address the propriety of this reduction from 50 to 30 percent when it adjudicated the Veteran's perfected increased rating claim. After further review of the record however, the Board concludes that the issue of the propriety of this reduction must be separately adjudicated in light of the fact that the RO implemented the reduction in a wholly separate rating decision, issued after the Veteran already perfected his increased rating claim for bilateral hearing loss. See the RO's September 2010 rating decision. The Veteran filed a timely Notice of Disagreement with the RO's decision to reduce his hearing loss disability rating in November 2010, and the RO has not issued a SOC specific to the propriety of this reduction in light of the applicable law and regulations discussed above. Moreover, as noted in the Introduction, the Veteran's attorney has indicated the need for an SOC in the matter of the propriety of the rating reduction. 

In Manlincon v. West, 12 Vet. App. 238 (1999), the Court held that where a Notice of Disagreement is filed but a SOC has not been issued, the Board must remand the claim to the AOJ so that a SOC may be issued. So it is in this case. Accordingly, the issue of whether the reduction of the disability evaluation from 50 percent to 30 percent, effective January 1, 2011, for the Veteran's service-connected bilateral hearing loss disability was proper is remanded so that the RO may issue a SOC. 

Increased rating claim

The Veteran's increased rating claim for service-connected bilateral hearing loss is inextricably intertwined with the above-referenced challenge to the RO's decision to reduce his hearing loss disability rating. In other words, whether the propriety of this reduction is either upheld or invalidated may impact the assigned staged ratings of the Veteran's hearing loss disorder, which the Veteran has also challenged on appeal. See Smith (Daniel) v. Gober, 236 F.3d 1370, 1373 (Fed. Cir. 2001) [where the facts underlying separate claims are "intimately connected," the interests of judicial economy and avoidance of piecemeal litigation require that the claims be adjudicated together]; see also Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) [two or more issues are inextricably intertwined if one claim could have significant impact on the other]. As such, the Veteran's perfected increased rating claim for his service-connected bilateral hearing loss disability must be remanded as well.

TDIU

Finally, there is no question that the issue of TDIU has been reasonably raised by the record. See, e.g., the April 2011 VA examiner's report [indicating that the Veteran's hearing loss causes "significant effects on occupation"]; see also the Veteran's May 6, 2005 VA Audiology Addendum report [indicating that based on the severity of the Veteran's hearing loss, his "ability to work as a real estate agent would be severely hampered," and that it is "very unlikely he would be able to find any work as a real estate agent again"]. Crucially, as noted in the Introduction above, the Court has held that TDIU is encompassed in a claim for increased rating or the appeal of an initial rating when such is reasonably raised in the record. See Rice v. Shinseki, 22 Vet. App. 447 (2009). 

In that connection, the issue of entitlement to TDIU should be adjudicated by the RO in light of the Court's decision in Rice, and in light of the fact that the issue is inextricably intertwined with the other claims on appeal.

Accordingly, the case is REMANDED directly to the RO for the following action:

1. The RO should send the Veteran a VCAA compliant notice letter informing him of the criteria necessary to establish TDIU. The RO should also ask the Veteran to identify any additional, relevant private or VA treatment records that he wants VA to help him obtain. VBA should take appropriate steps to secure copies of any such treatment reports identified by the Veteran which are not in the record on appeal, to include updated VA treatment records, if in existence. Efforts to obtain these records should be memorialized in the Veteran's VA claims folder.

2. After evaluating the evidence of record, and undertaking any other development it deems necessary, the RO should issue a SOC to the Veteran and his attorney as to the propriety of the reduction of the Veteran's disability evaluation from 50 percent to 30 percent, effective January 1, 2011, for the Veteran's service-connected bilateral hearing loss disability. The Veteran is advised that a timely substantive appeal is still necessary to perfect his appeal as to this claim. 38 C.F.R. § 20.302(b) (2010).

3. Following the completion of the foregoing, the RO should review the record and adjudicate the Veteran's increased rating and TDIU claims. If the benefits sought on appeal are denied, in whole or in part, the Veteran and his attorney should be issued an appropriate SSOC, and afforded an opportunity to respond. The case should then be returned to the Board for further appellate review, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 

action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).



_________________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2010).