NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES J. PERCIAVALLE,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1423

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-8597, Judge Amanda L. Meredith.

---

Decided:  December 19, 2024

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, for claimant-appellant.

ROBERT R. KIEPURA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY; MEGHAN ALPHONSO, CHRISTA A.

SHRIBER, Office of General Counsel, United States Department of Veterans Affairs. Washington, DC.

———————————

Before DYK, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

James J. Perciavalle appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") remanding his action to the Board of Veterans' Appeals ("the Board"). Because the Veterans Court's non-final remand order does not fall within the limited class of orders appropriate for appellate review under *Williams v. Principi,* 275 F.3d 1361 (Fed. Cir. 2002), we dismiss.

BACKGROUND

Mr. Perciavalle represented veteran John Abram while Mr. Abram pursued an earlier effective date for already service-connected benefits from the United States Department of Veterans Affairs ("VA"). The VA initially granted Mr. Abram an earlier effective date but, in a January 2019 decision, it notified Mr. Perciavalle that it would not withhold his fees from the amount of past-due benefits awarded because he had not filed the requisite direct-pay fee agreement with the agency of original jurisdiction within 30 days of its execution. The following month, Mr. Perciavalle filed a notice of disagreement and subsequently perfected an appeal to the Board. He also submitted a signed fee agreement dated April 2020. In September 2020, the Board dismissed as moot Mr. Perciavalle's appeal of entitlement to agent fees based on past-due benefits granted. Citing a June 2020 decision severing Mr. Abram's award of an earlier effective date and reestablishing the original effective date (a decision that Mr. Abram appealed), the Board reasoned that "[a]s there was no award of past-due benefits on which agent fees could be based, the appeal is moot." J.A. 132.

Mr. Perciavalle appealed the Board's dismissal of his fee claim to the Veterans Court, arguing "the Board's decision to dismiss the appeal was void ab initio and should be reversed." *Perciavalle v. McDonough*, No. 20-8597, 2022 WL 2093051, at *2 (Vet. App. June 10, 2022). He asserted that: (1) the June 2020 decision was unlawful; and (2) even if that decision was valid, the Board should defer addressing his appeal on fees until after the appeal on the severing of Mr. Abram's earlier effective date is final. At the Veterans Court, the Secretary "conced[ed] that remand [rather than affirmance] of the agent fee claim on appeal is warranted because it is inextricably intertwined with [Mr. Abram's] appeal." *Id.*

The Veterans Court determined that "the Board provided inadequate reasons or bases" for its decision, explaining that the Board failed to (1) "acknowledge, as conceded by the parties, that [Mr. Abram's] appeal" of the June 2020 decision was still pending; (2) explain why the June 2020 "decision would be controlling for purposes of determining whether 'past-due benefits [were] awarded on the basis of the claim'"; and (3) consider the VA's statement that it "would not seek recoupment of any overpayment." *Id.* at *3 (alteration original, citation omitted). The Veterans Court explained that because of "these deficiencies in the Board's reasons or bases, the Court's review of the Board's finding that there was no award of past-due benefits, and its decision to dismiss based on that finding, is frustrated." *Id.* Therefore, the Veterans Court "vacate[d] the Board decision and remand[ed] the matter for further proceedings." *Id.*

Mr. Perciavalle appeals, asserting that "[t]he Veterans Court decision [he] appealed from is final." Appellant's Br. 1.

## DISCUSSION

"[W]e have generally declined to review non-final orders of the Veterans Court, and we have held that

remand orders from the Veterans Court ordinarily are not appealable because they are not final." *Adams v. Principi*, 256 F.3d 1318, 1320 (Fed. Cir. 2001). Our decision in *Williams* provides a limited exception to this rule. We will depart from the strict rule of finality when the appellant establishes that:

> (1) there must have been a clear and final decision of a legal issue that
>
>> (a) is separate from the remand proceedings,
>>
>> (b) will directly govern the remand proceedings or,
>>
>> (c) if reversed by this court, would render the remand proceedings unnecessary;
>
> (2) the resolution of the legal issues must adversely affect the party seeking review; and,
>
> (3) there must be a substantial risk that the decision would not survive a remand, *i.e.*, that the remand proceeding may moot the issue.

*Williams*, 275 F.3d at 1364 (footnotes omitted). The appellant must satisfy all three conditions for the exception to apply. *See id.*

The Veterans Court's remand decision here does not satisfy the first *Williams* condition because there is no clear and final decision of a legal issue when, as here, the Veterans Court merely determines that the Board provided inadequate reasons or bases for its actions. *Id.* at 1365 ("[T]here has been no clear and final decision on a legal issue; the Court of Appeals for Veterans Claims has merely remanded for further consideration of the issues by the Board as a predicate to further review of those issues by the Court of Appeals for Veterans Claims."); *Ebel v. Shinseki*, 673 F.3d 1337, 1342 (Fed. Cir. 2012) (holding there is no clear and final decision on a legal issue where

the "the Veterans Court evaluated the Board's factual determinations and remanded because the 'Board did not adequately consider the evidence of record' such that the Board's 'statements of reasons and bases [were] inadequate to facilitate review'" (alteration in original, citation omitted)).  Nevertheless, Mr. Perciavalle argues that the Veterans Court's remand decision is "a clear and final decision of a legal issue" because "the Veterans Court did not resolve" the question of law he raised—whether the Board's decision "was void *ab initio*."  Appellant's Br. 6–7.  Quoting *Caesar v. West*, 195 F.3d 1373, 1375 (Fed. Cir. 1999) (per curiam), he contends "that a decision is 'clear' and 'final' despite nominally being a remand where the issue raised by the appellant 'was obviously not resolved by the remand decision.'"  Appellant's Br. 7.  But *Caesar* does not support Mr. Perciavalle's argument.  In *Caesar*, we concluded that "[b]ecause Caesar has not appealed from a final judgment, we lack jurisdiction over the case, and therefore must dismiss his appeal."  195 F.3d at 1375.  Although we acknowledged that the remand decision failed to resolve the issue raised on appeal, we explained that the issue was "plainly deeply intertwined with Caesar's continuing effort to gain compensation for his wartime injuries" and that "nothing in the Court of Appeals for Veterans Claims' decision prevents Caesar from presenting his . . . arguments at some later stage of the dispute, if necessary."  *Id.*  *Caesar* simply does not support Mr. Perciavalle's argument that an issue not resolved by a remand decision satisfies the clear and final decision of a legal issue requirement.

For this court to have jurisdiction over a non-final remand order, Mr. Perciavalle must meet each of the *Williams* conditions.  Because Mr. Perciavalle has not met the first *Williams* condition, we dismiss his appeal for lack of jurisdiction.

CONCLUSION

We have considered Mr. Perciavalle's remaining arguments and do not find them persuasive. For the foregoing reasons, this appeal is dismissed.

**DISMISSED**

COSTS

No costs.