KASOLD, Judge:
Veteran Michael W. Canady appeals pro se from two July 31, 2002, Board of Veterans’ Appeals (Board) decisions. In the first decision (Decision 1), the Board denied an effective date earlier than April 20, 1993, for the award of service connection for post-traumatic stress disorder (PTSD) and for a total disability rating based on individual unemployability (TDIU). Record (R.) at 1-11. In the second decision (Decision 2), the Board dismissed, without prejudice to refiling, a request for revision on the basis of numerous assertions of clear and unmistakable error (CUE) in the Board’s April 1991 decision denying service connection for PTSD. R. at 13-30. On November 29, 2002, and again on May 14, 2003, Mr. Canady filed requests for reconsideration as to both decisions with the Board Chairman. Both requests were denied, on March 14, 2003, and September 5, 2003, respectively. On April 26, 2005, a single judge of the Court issued a decision affirming Decision 1 and dismissing the appeal as to Decision 2 for lack of jurisdiction. On June 20, 2005, the Court granted Mr. Canady’s motion for a panel decision and withdrew the single-judge decision. On September 7, 2006, the Court issued an opinion in this matter. The Court will withdraw that opinion and issue this opinion in its stead. For the reasons set forth below, Decision 1 will be affirmed and Decision 2 will be set aside and the matter remanded for adjudication.
I. BACKGROUND
Mr. Canady served on active duty in the U.S. Army from September 1966 to August 1968, including service in Vietnam. R. at 32. In July 1988, he sought VA benefits for “delayed stress syndrome— Vietnam.” R. at 106-09. In connection with that claim, Mr. Canady underwent a VA examination in September 1988, and *396 the examiner noted that there “is a possibility that Mr. Canady does have some [PTSD,] which has resolved to some extent.” R. at 114. The VA regional office (RO) determined that it could not rate Mr. Canady’s claim for PTSD based on this diagnosis. R. at 117. In a June 1989 “Reconciliation of Diagnosis” report, a board of three VA staff psychiatrists reported diagnoses of occupational problems and alcohol abuse, and “[p]ersonality disorder not otherwise specified with avoidant, passive-aggressive and self-defeating traits.” R. at 128. The board of psychiatrists indicated that it did not appear that Mr. Canady met the criteria for a continuing diagnosis of PTSD. R. at 127. In July 1989, the RO denied service connection for PTSD on the ground that a PTSD diagnosis had not been rendered. R. at 135-36. Mr. Canady appealed (R. at 168, 177-81, 183), and in April 1991, the Board denied his claim for service connection for PTSD (R. at 198-202). Mr. Canady did not appeal and consequently that decision became final.
In April 1993, Mr. Canady filed a claim for VA benefits for, inter alia, “nerves” and “stress.” R. at 218-21. After subsequent development and an initial denial of his claim (R. at 300-02, 354-56, 421-23, 433-35, 440, 454-59, 479-80), in July 1996 the RO granted Mr. Canady’s claim, awarded service connection for PTSD, and assigned a 30% disability rating effective from February 1994 (R. at 490-95). Mr. Canady disagreed with the assigned rating and, in June 1997, he was assigned a 70% rating for his PTSD and was granted TDIU, both effective from February 1994. R. at 497, 1041-45. Mr. Canady continued to disagree with the effective date assigned and sought an effective date of July 1988, the date of his initial claim. R. at 1047.
In an April 1998 decision following a personal hearing, a VA hearing officer granted an earlier effective date of April 1993 for Mr. Canady’s award of service connection for PTSD and the assignment of a TDIU rating. R. at 1096-98. In July 1998, Mr. Canady expressed his continued disagreement with the effective date assigned. R. at 1108-10. In November 1999, Mr. Canady also filed a request for revision on the basis of CUE in the April 1991 Board decision. R. at 1135-45. In May 2000, the Board issued two separate decisions: in the first decision, the Board denied an effective date earlier than April 1993 for the award of service connection for PTSD and for a TDIU rating (R. at 1164-73) and, in the second decision, the Board determined that the April 1991 Board decision denying service connection for PTSD was not the product of CUE (R. at 1148-60). On appeal, the Court granted the Secretary’s motion to remand both matters. R. at 1176-81, 1184.
On remand, the Board issued the decisions on appeal. R. at 1-30. With regard to the effective date for Mr. Canady’s award of service connection for PTSD, the Board in Decision 1 stated the following:
The threshold issue is whether the veteran submitted a claim for PTSD between April 30, 1991 (the date of the Board decision) and April 20, 1993 (the current effective date), upon which an earlier effective date could be established. Normally, once a veteran files a claim, the claim remains open and pending until final action is taken by the RO....
After a review of the claims file, the Board finds that the only written communication received from the veteran in the period between the Board decision of April 30, 1991, and the VA Form 21-526, which was received on April 20, 1993, was the copy of the June 1991 Power of Attorney and Fee Agreement document between the veteran and his *397 then attorney. However, no specific mention was made regarding the veteran’s PTSD claim. Accordingly, this document does not constitute a formal or informal claim for benefits.
E. at 8-9 (citations omitted). The Board further discussed the medical treatment records in the file for the period from April 1991 to April 1993 and concluded that the records showed “no treatment for PTSD during that period,” and that Mr. Canady “did not indicate his intent to seek service connection for PTSD during [that] period.” R. at 9. It also concluded that there was no legal basis for the assignment of an earlier effective date for Mr. Canady’s award of service connection for PTSD. R. at 9. In addition, with regard to the effective date for the assignment of a TDIU rating, the Board noted that PTSD was Mr. Canady’s only service-connected disability and concluded that, because a TDIU rating is warranted only “when the veteran is unemployable by reason of a service-connected disability,” the Board could not grant an effective date for the TDIU rating that was earlier than the effective date for his award of service connection for PTSD. R. at 9.
With regard to Mr. Canady’s request for revision on the basis of numerous CUE assertions in the April 1991 decision, the Board in Decision 2 concluded that “the allegations advanced in the motion do not set forth clearly and specifically the alleged clear and unmistakable errors of fact or law in the Board decision, including how the result of the April 1991 Board decision would have been manifestly different but for the error[s]” and, on that basis, the Board dismissed the request for revision without prejudice to refiling. R. at 30.
On appeal to the Court, Mr. Canady argues that he is entitled to an earlier effective date for his award of service connection for PTSD and for the assignment of a TDIU rating, and that the Board erred by dismissing his request for revision. See, e.g., Appellant’s Brief (Br.) at 4-9, 15-19, 21. The Secretary argues that there is a plausible basis in the record for the Board’s determinations regarding the effective date for Mr. Canady’s award of service connection for PTSD and his TDIU rating. Secretary’s Br. at 11-13. In that regard, he contends that the effective date was properly based on the date of Mr. Canady’s April 1993 reopened claim. Id. at 12. The Secretary further asserts that the Board did not err in dismissing, without prejudice to refiling, Mr. Canady’s request for revision. Id. at 13-18. Finally, in response to the Court’s request for supplemental briefing, the Secretary asserts that the Court “may” have jurisdiction to review the dismissal of a request for revision under § 20.1404(b) “for the limited and sole purpose of deciding whether the motion was pled with the required level of specificity such that it should be addressed by the Board on the merits.” Secretary’s Response to Court Order Dated June 28, 2005, at 3-4.
II. ANALYSIS
A. Decision 1-Effective Date
A Board determination of the proper effective date is a finding of fact that the Court reviews under the “clearly erroneous” standard set forth in 38 U.S.C. § 7261(a)(4). See Evans v. West, 12 Vet.App. 396, 401 (1999). In this regard, section 7261(a)(4) directs the Court to “reverse or set aside” any “finding of material fact adverse to the claimant ... if the finding is clearly erroneous.” 38 U.S.C. § 7261(a)(4). “ ‘A finding is ‘clearly erroneous’ when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.’ ” Gilbert v. Derwinski, 1 Vet. *398 App. 49, 52 (1990) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). Of course, if the Board’s “ ‘account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it.’ ” Gilbert, 1 Vet.App. at 52 (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573-74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). The determination of the effective date for an award based on an original claim or a reopened claim is governed by 38 U.S.C. § 5110(a), which provides: “Unless specifically provided otherwise in this chapter, the effective date of an award based on an original claim[ or] a claim reopened after final adjudication ... shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.” 38 U.S.C. § 5110(a); see Morris v. West, 13 Vet.App. 94, 97 (1999); 38 C.F.R. § 3.400 (2005).
It is undisputed that Mr. Cana-dy’s original claim for service connection for PTSD was denied in the April 1991 Board decision. R. at 198-202. Mr. Canady did not appeal that decision and it therefore became final. See 38 U.S.C. § 7105(a)-(c) (where an appeal is not initiated by filing of a Notice of Disagreement within one year after an RO decision, “the action or determination shall become final”). As the Board found and the record on appeal reflects, Mr. Canady filed a claim to reopen in April 1993 and there was no written communication from Mr. Canady that could be construed as either a formal or informal claim to reopen his PTSD service-connection claim between the final April 1991 Board decision and the April 1993 claim to reopen. See 38 C.F.R. §§ 3.155 (2005) (informal claims, to include informal claims to reopen); 3.156 (2005) (claim to reopen previously adjudicated final claims); see also Sagainza v. Derwinski, 1 Vet.App. 575, 579 (1991) (recognizing informal claim to reopen under § 3.155(c)); R. at 6, 8-9, 218-21. Accordingly, the Board was not clearly erroneous in finding that the date of the April 1993 claim to reopen (which resulted in the development that led to the award of service connection for PTSD) was the appropriate effective date for Mr. Canady’s award of service connection for PTSD. See Morris, supra. As to Mr. Canady’s TDIU rating, the Board correctly noted that PTSD is Mr. Canady’s only service-connected disability and that, as a matter of law, the assignment of a TDIU rating could not be effective earlier than the effective date of his award of service connection. See 38 C.F.R. § 4.16(a) (2005) (requiring that an award of TDIU relate to one or more service-connected disabilities); see also R. at 9. Accordingly, the Court will affirm Decision 1.
B. Decision 2-Clear and Unmistakable Error
With regard to the Board’s dismissal of Mr. Canady’s request for revision on the basis of CUE pursuant to 38 C.F.R. § 20.1404(b) without prejudice to refiling, this type of dismissal is designated as “not a final decision of the Board” by 38 C.F.R. § 20.1409(b). Inasmuch as the Court’s jurisdiction generally is over only “final” Board decisions,[1] see 38 U.S.C. §§ 7252(a) (granting jurisdiction over Board decisions), 7266(a) (authorizing an appellant to file an appeal from a “final” Board deci *399 sion); Matthews v. Nicholson, 19 Vet.App. 202, 205 (2005), the issue is raised as to whether the Court has jurisdiction over Decision 2. Although the Secretary asserts that the Court may have jurisdiction to review the dismissal of a request for revision under § 20.1404(b) for the limited purpose of deciding whether the motion was pled with the required level of specificity, an assertion to which Mr. Canady has not objected, the Court must affirmatively satisfy itself that it has the jurisdiction to hear a case and cannot accept jurisdiction just because it is conceded to by one or both of the parties. See Hayre v. Principi 15 Vet.App. 48, 50 (2001), aff'd, 78 Fed.Appx. 120 (Fed.Cir.2003) (table). We address this issue first because it pertains to our own jurisdiction. See Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (“ ‘On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes.’ ” (quoting Great S. Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 453, 20 S.Ct. 690, 44 L.Ed. 842 (1900))); see also Matthews, 19 Vet.App. at 204 (questions of jurisdiction “should generally be addressed by the Court whenever they arise” (citing Barnett v. Brown, 83 F.3d 1380, 1383 (Fed.Cir.1996))).

1. Finality of a Board Dismissal

The Court’s jurisdiction is defined by Federal statute, and any regulatory enactment that purports to limit the Court’s jurisdiction is necessarily of no force or effect.[2] See Int’l Union, United Auto., Aerospace and Agric. Implement Workers of Am. v. Gen. Dynamics Land Sys. Div., 815 F.2d 1570, 1574 (D.C.Cir. 1987) (“Treaties aside, the Supremacy Clause provides that a federal statute must always be superior to all other forms of law, including regulations.” (citing U.S. Const. art. VI)); see also 38 U.S.C. §§ 7252(a), 7266(a). Generally, the Court has jurisdiction over final Board decisions, and whether a decision is final for purposes of our jurisdiction is a question of law that we determine de novo. See 38 U.S.C. § 7261(a)(1) (Court shall “decide all relevant questions of law, interpret constitutional, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary”); see, e.g., Anglin v. West, 11 Vet.App. 361, 363 (1998) (finding on de novo review that a remand decision from the Board was not a final decision for purposes of Court’s jurisdiction); see also Mattheius, supra.
(a) Dismissals in General
The dismissal of an action, even when done without prejudice, is a final decision that is subject to appeal. This is because “denial of relief and dismissal of the case ended this suit as far as the District Court was concerned.” United States v. Wallace & Tiernan Co., 336 U.S. 793, 794-95 n. 1, 69 S.Ct. 824, 93 L.Ed. 1042 (1949); see also Ciralsky v. CIA 355 F.3d 661, 666 (D.C.Cir.2004) (quoting Wallace & Tiernan Co., supra). The same is also generally applicable to a dismissal of a complaint without prejudice when the court does not retain jurisdiction to permit amendment of the complaint and the continuation of the proceedings. See De Tie v. Orange County, 152 F.3d 1109, 1111 (9th Cir.1998) (citing WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997) (holding that when a complaint is dismissed with leave to *400 amend, the order is nonfinal and not ap-pealable in the absence of a further order terminating the action)); Gray v. County of Dane, 854 F.2d 179, 181 n. 3 (7th Cir.1988) (“This court regards dismissals without prejudice as unappealable interlocutory orders ‘only when lower courts, either expressly or by implication, retain jurisdiction over the disputes to permit complainants to save by amendment otherwise deficient pleadings.’ ” (quoting Ohio River Co. v. Carrillo, 754 F.2d 236, 238 (7th Cir.1985))). Similarly, when a curing amendment is not possible or the plaintiff chooses to stand on the filed pleadings and not file an amended complaint, the dismissal of the complaint generally is appealable.[3] See Ciralsky, 355 F.3d at 666 n. 1 (citing Welch v. Folsom, 925 F.2d 666, 668 (3d Cir.1991) (“If the plaintiff cannot cure the defect ... or elects to stand on the dismissed complaint, however, ... the order of dismissal is final and appealable.”)).
(b) Board Dismissal of a Request for Revision Based on CUE
Pursuant to 38 C.F.R. § 20.1404(b) (2005), when a request for revision fails to comply with the pleading requirements, it “shall be dismissed without prejudice to refiling under [subpart O, 38 C.F.R. §§ 20.1400-1411].” Although the request for revision is dismissed without prejudice, it nevertheless is dismissed, and adjudication will begin again only upon the filing of a new request. There is no procedure for simply amending the request for revision and permitting the process to continue in the same proceeding. Thus, the dismissal of a request for revision has the same effect as a dismissal of an action without prejudice or dismissal of the complaint when amending action is not permitted such that the proceedings could continue.
Moreover, because each request for revision on the basis of CUE must be adjudicated as a separate and distinct request for revision, an original request for revision rejected by the Board for inadequate pleading would be foreclosed from further review if not appealable, because that request must be modified before it is refiled or it presumably would suffer another dismissal if refiled without modification. Inasmuch as only the modified request for revision would ultimately be decided by the Board, an appeal of that decision would not permit judicial review of the previously rejected request for revision. Thus, when a request for revision on the basis of CUE is dismissed by the Board for lack of specificity, it is indeed a final decision with regard to that request, thus leaving appellate review as the only remedy if such dismissal was in error.[4] In this sense, *401 although the dismissal of a request for revision is not intended to be a final decision of the Board for res judicata purposes, 38 C.F.R. § 20.1409(b); see also Andre v. Principi, 301 F.3d 1354, 1361 (Fed.Cir.2002) (each theory of CUE must be adjudicated as a separate and distinct request for revision so that preclusive effect of res judicata bars refiling only as to that particular assertion of CUE), if the Court lacks jurisdiction to review such a dismissal, the effect, as to that specific request for revision, would be that of a final decision.
In light of the above, we hold that a Board decision dismissing a request for revision without prejudice to refiling pursuant to § 20.1409(b) is a final decision of the Board for purposes of the Court’s jurisdiction.

2. The Board’s Dismissal

Although the Board correctly noted the requirement that a request for revision on the basis of CUE must be pled with specificity, to include why the outcome would have been manifestly different but for the alleged error, see Fugo v. Brown, 6 Vet.App. 40, 44 (1993); see also Bustos v. West, 179 F.3d 1378, 1380-81 (Fed.Cir.1999) (expressly adopting “manifestly changed the outcome” language); 38 C.F.R. § 20.1404(b), it failed to take into consideration that the Board is nonetheless required to read a pro se request for revision sympathetically, see Andrews v. Nicholson, 421 F.3d 1278, 1282-83 (Fed.Cir.2005); Szemraj v. Principi, 357 F.3d 1370, 1373 (Fed.Cir.2004) (with respect to “all pro se pleadings, [Board and Secretary are required to] give a sympathetic reading to the veteran’s filings” (citing Roberson v. Principi, 251 F.3d 1378 (Fed.Cir.2001))). The requirement to sympathetically read the pleadings of a pro se claimant applies even though regulations set forth specific pleading requirements. For example, the Board has been found to have erred when it failed to sympathetically read the claimant’s pleadings to discern an informal claim, even though the pleadings did not specifically “identify the benefit sought” as required under 38 C.F.R. § 3.155(a). See Roberson, 251 F.3d at 1382-84.
In conducting a sympathetic reading of a request for revision, the Board should view the claim in light of the fact that it is the assertion of CUE itself that requires specificity, because it is the adjudication of that assertion upon which res judicata ultimately will act. See Andre, 301 F.3d at 1361 (each specific theory underlying CUE attack on final decision constitutes separate claim); Link v. West, 12 Vet.App. 39, 44 (1998) (“Under the principle of res judicata, ‘once there is a final decision on the issue of [CUE] that particular [request for revision on the basis of CUE] may not be raised again.’ ” (quoting Russell v. Principi 3 Vet.App. 310, 315 (1992) (en banc))). On the other hand, a manifestly changed outcome might be inferred from pro se pleadings, even though not explicitly stated. See Sondel v. West, 13 Vet.App. 213, 221 (1999) (“when it is clear, on the face of the decision being assailed for CUE, that the error alleged did in fact occur and would manifestly have changed the outcome of the case, the Court will reverse”); Olson v. Brown, 5 Vet.App. 430, 434 (1993) (if assertion that RO did not properly apply the “clear and convincing” standard required to terminate a total disability rating based on individual unemployability is substantiated, such a failure “would have manifestly changed the outcome of the decision” because the standard to reduce the benefits *402 had not been met); see also Roberson, supra.
Moreover, although the Board cannot adjudicate a CUE theory that is wholly distinct from that which is presented, see Huston v. Principi, 18 Vet.App. 395, 402 (2004); see also Jarrell v. Nicholson, 20 Vet.App. 326, 332-33, 2006 WL 2434262, at *5-6 (2006) (en banc); but see 38 U.S.C. §§ 7103(c) (authorizing Board sua sponte to correct obvious error in the record), 7111(c) (authorizing Board sua sponte to review for CUE in prior Board decisions), a sympathetic reading of the CUE theory may result in clarifying modifications, cf. Jordan v. Principi, 17 Vet.App. 261, 270-71 (2003) (holding that on appeal to the Board an appellant is not bound to the exact words used in a request for revision on the basis of CUE in a Board decision and may “rephrase and provide additional argument and support for the same basic CUE argument presented”), aff'd sub nom. Jordan v. Nicholson, 401 F.3d 1296 (Fed.Cir.2005).
In this case, the Board identified numerous assertions of CUE in the prior proceedings, but it dismissed all of them because Mr. Canady failed to set forth what the manifestly different outcome would have been but for each CUE. Because a sympathetic reading should be conducted by the Board in the first instance, we will not address all of the allegations of error. However, we note that for some of Mr. Canady’s asserted CUE theories, the manifestly changed outcome is arguably obvious from the context of his pleadings. For example, Mr. Canady’s original claim for disability compensation on the basis of service-connected PTSD was denied by the RO in July 1989 because the required diagnosis of PTSD had not been made (R. at 136), and Mr. Canady asserted that the Board in April 1991, in considering the appeal of the RO decision, failed to recognize that he had been diagnosed with PTSD in a September 1988 VA examination. Without deciding the merits of Mr. Canady’s contention, we note that the implied manifestly different outcome is the grant of an earlier effective date for the grant of service connection for Mr. Canady’s PTSD. On remand, the Board should identify those assertions of CUE, otherwise properly pled, for which a manifestly changed outcome can be inferred from the pleadings upon a sympathetic reading, and proceed to decide them on the merits.
Although the Board dismissed Mr. Ca-nady’s request for revision and all assertions of CUE without prejudice, we further note that its statement of reasons or bases appears to be written in support of a finding on the merits on some of the theories of CUE. Again, without addressing the merits of each allegation, we note as an example Mr. Canady’s assertion that there was CUE in the April 1991 Board decision because the Secretary failed to provide him, inter alia, with an adequate Statement of the Case (SOC) or an opportunity for a personal hearing. R. at 15. The Board expressly determined that the SOC was adequate in that it provided Mr. Canady with “the correct laws and regulations.” The Board further determined that Mr. Canady “specifically [indicated] that he did not desire a personal hearing.” R. at 15-16.
Additionally, the statement of reasons and bases indicates that the Board believed some assertions of CUE to be pro-eedurally defective for alleging error that amounted to a differing view of the weighing of the facts. Such an assertion, like an assertion that the Secretary did not comply with his duty to assist, cannot form the basis of a successful request for revision. See Szemraj, 357 F.3d at 1376 (“[T]he failure to assist in developing the eviden *403 tiary record cannot constitute CUE.... ”); Livesay v. Principi 15 Vet.App. 165, 173 (2001) (en banc) (“In order for there to be a valid claim of [CUE], ... [t]he claimant, in short, must assert more than a disagreement as to how the facts were weighed or evaluated.” (quoting Crippen v. Brown, 9 Vet.App. 412, 418 (1996))). Nonetheless, such allegations are not properly dismissed as pleading errors when the request for revision otherwise meets the requirements of a properly pled request for revision; rather, a request for revision based on such CUE theories is to be denied on the merits because such purported errors cannot constitute CUE. See id.
For the reasons stated above, the decision of the Board will be set aside. See Simmons v. Principi 17 Vet.App. 104, 115 (2003) (Board’s statement of reasons or bases is inadequate when it is “neither helpful to the veteran, nor clear enough to permit effective judicial review, nor in compliance with statutory requirements”). On remand, the Board should be careful to identify and adequately discuss in its statement of reasons and bases those assertions of CUE that can and should be decided on the merits and it should distinguish them from those that fail to be pled with the requisite specificity, given a sympathetic reading, such that they warrant dismissal without prejudice under § 20.1404(b). See 38 U.S.C. § 7104(d)(1); Allday v. Brown, 7 Vet.App. 517, 527 (1995) (Board required to include in its decision a written statement of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record); Gilbert, 1 Vet.App. at 56-57 (1990) (same).
III. CONCLUSION
The Court’s September 7, 2006, opinion is withdrawn, and this opinion is issued in its stead. For the foregoing reasons, Decision 1 is AFFIRMED. As to Decision 2, the Board’s decision to dismiss Mr. Cana-dy’s request for revision for lack of specificity is SET ASIDE and the matter is REMANDED for further action and adjudication consistent with this opinion. The Court expects that the Board will provide expeditious treatment of the remanded matter. See 38 U.S.C. § 7112.
AFFIRMED as to Decision 1; SET ASIDE and REMANDED as to Decision 2.
DAVIS, Judge, filed an opinion concurring in part and dissenting in part.

. The Board has been granted original jurisdiction to adjudicate a request for revision of a Board decision based on CUE, see 38 U.S.C. § 7111, to correct obvious error, see 38 U.S.C. § 7103(c), and to review attorney fee agreements, see 38 U.S.C. § 5904(c)(2). See also Matthews v. Nicholson, 19 Vet.App. 202, 205 (2005) (citing sections 5904(c)(2) and 7111 as examples of statutory provisions granting original jurisdiction to the Board).

. Although the Secretary's regulations do not prescribe the Court’s jurisdiction, they are otherwise binding on the Agency. See 38 U.S.C. § 7104(c) (Board bound by VA regulations); 38 C.F.R. § 20.101(a) (2005) (same).

. For example, when a district court determines that amending a complaint would be an exercise in futility but nonetheless dismisses the complaint without prejudice, see De'Lonta v. Angelone, 330 F.3d 630, 633 n. 3 (4th Cir.2003), when a complaint is dismissed without prejudice for failure to effect service of process, see Welch v. Folsom, 925 F.2d 666, 668 (3d Cir.1991), or when the statute of limitations will run in the interim period, see Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir.2002); Ordower v. Feldman, 826 F.2d 1569, 1572 (7th Cir.1987); see also Ciralsky, 355 F.3d at 666 n. 1.

. Extraordinary relief generally is not an appropriate remedy for a Board dismissal based on inadequate pleading. See Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 382, 74 S.Ct. 145, 98 L.Ed. 106 (1953) (the "traditional use of the writ in aid of appellate jurisdiction both at common law and in the Federal courts has been to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so” (internal quotation omitted)); De Beers Consol. Mines v. United States, 325 U.S. 212, 217, 65 S.Ct. 1130, 89 L.Ed. 1566 (1945) (mandamus may "not be availed of to correct a mere error in the exercise of conceded judicial power”); see also Lamb v. Principi, 284 F.3d 1378, 1384 (Fed.Cir.2002) (“ 'extraordinary writs cannot be used as substitutes for appeals' ” (quoting *401 Bankers Life & Cas. Co., 346 U.S. at 383, 74 S.Ct. 145)).