NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7021

MICHAEL W. CANADY,

Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

Respondent-Appellee.

ON MOTION

Before BRYSON, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

O R D E R

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Michael W. Canady's appeal.  Canady opposes.

The Board of Veterans' Appeals issued two decisions.  The first decision denied Canady's request for an effective date earlier than April 20, 1993 for the award of service connection for post-traumatic stress disorder (PTSD) and for a total disability rating based on individual unemployability (TDIU).  In the second decision, the Board dismissed without prejudice to refiling Canady's request for revision on the basis of clear and unmistakable error (CUE) in the Board's April 1991 decision denying service connection for PTSD.  Canady appealed the Board's decisions to the United States Court of Appeals for Veterans Claims.  The Court of Appeals for Veterans Claims affirmed the Board's first decision concerning the earlier effective date and TDIU claim.

With respect to Canady's CUE claim, the Court of Appeals for Veterans Claims determined that the Board had failed to read Canady's request sympathetically and thus set aside the Board's dismissal order and remanded the case for further proceedings. Canady v. Nicholson, 20 Vet. App. 393 (2006).

The Secretary argues that this court lacks jurisdiction because the Court of Appeals for Veterans Claims decision was not final and does not meet the standard for appealability of nonfinal decisions set forth in Williams v. Principi, 275 F.3d 1361, 1363 (Fed. Cir. 2002). Canady responds that the issues raised in the two Board decisions are separate and distinct.

This court generally does not review nonfinal decisions of the Court of Appeals for Veterans Claims. Departure from this rule is justified only if three conditions are fulfilled:

> (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue.

Id. at 1364 (footnotes omitted).

Both Board decisions concern PTSD and, if Canady ultimately prevailed on either, the result could be an earlier effective date. Thus, we determine that the issues raised in the two Board decisions are sufficiently intertwined that they should be considered together. See Smith v. Gober, 236 F.3d 1370 (2001). Because the Court of Appeals for Veterans Claims remanded to the Board for further proceedings concerning Canady's CUE claim, we determine that Canady's appeal is not sufficiently final for purposes of our review. Thus, we dismiss the appeal.

Accordingly,

IT IS ORDERED THAT:

(1)     The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2)     The Secretary's motion to dismiss is granted.

(3)     Each side shall bear its own costs.

FOR THE COURT

| April 4, 2007 | /s/  Jan Horbaly |
|---|---|
| Date | Jan Horbaly |
| | Clerk |

cc:     Michael W. Canady
        J. Reid Prouty, Esq.

s17

ISSUED AS A MANDATE:  April 4, 2007