Citation Nr: 1508825 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 15-06 066 ) DATE
 )
 )


THE ISSUE

Whether there is clear and unmistakable error (CUE) in the November 10, 1999, Board decision that found no CUE within the April 1946 rating decision that initially denied the service connection claim for residuals of cold injuries of the feet.

(The issue of entitlement to an effective date prior to August 7, 1992 for the grant of service connection for the residuals of frostbite of the feet is addressed in a separate, concurrently issued decision.)


REPRESENTATION

Veteran represented by: Illinois Department of Veterans Affairs


WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

Nicole L. Northcutt, Counsel
INTRODUCTION

The Veteran, who is the moving party, served on active duty from July 1944 to December 1945 during World War II, during which he had service in the European Theatre and was held as a prisoner of war by Axis forces for three months. 

Pursuant to 38 C.F.R. § 20.900(c), the appeal has been advanced on the Board's docket.

Following a sympathetic review of the Veteran's statements in the context of his appeal seeking an earlier effective date for the award of service connection for the residuals of cold injuries of the feet (which is addressed in a separate, concurrently-issued Board of Veterans' Appeals (Board) decision), the Board has construed a statement received in February 2015 as a motion for revision or reversal based on CUE in both the April 1946 rating decision that denied the Veteran's service connection claim for residuals of cold injuries of the feet and the November 10, 1999 Board decision that found no CUE in the April 1946 rating decision. See Canady v. Nicholson, 20 Vet. App. 393, 402 (2006) (a CUE motion may be inferred from a sympathetic reading of the Veteran's statements).

Generally, the Board is required to provide the Veteran's representative with a copy of the CUE motion, which has not been accomplished in this case. 38 C.F.R. § 20.1405(a)(3). However, as the Board is granting the motion, the need for such notification has been rendered moot.

In February 2015, the Veteran appeared at a hearing before the undersigned Veterans Law Judge

This case's lengthy procedural history is discussed in detail below, as it directly pertains to the Board's disposition of this appeal.



FINDINGS OF FACT

1. When denying the Veteran's service connection claim for residuals of cold injuries of the feet in April 1946, the Regional Office (RO) failed to correctly apply the service connection regulations then in effect to the evidence then of record; absent this error, the outcome of the decision of the Veteran's service connection claim would have been manifestly changed. 

2. In the November 1999 decision in which the Board concluded there was no CUE in the April 1946 rating decision, which denied service connection for the residuals of cold injuries of the feet, the Board failed to recognize the RO's misapplication of the service connection regulations then in effect to the evidence the of record; absent this error, the outcome of the Veteran's claim seeking an earlier effective date on the basis of CUE in the 1946 rating decision would have been manifestly changed.


CONCLUSIONS OF LAW

1. The November 1999 Board decision that found no clear and unmistakable error within the April 1946 rating decision that denied service connection for the residuals of cold injuries of the feet was clearly and unmistakably erroneous. 38 U.S.C.A. § 7111 (West 2014); 38 C.F.R. § 20.1400-20.1411 (2014).

2. The April 1946 rating decision that denied service connection for the residuals of cold injuries of the feet was clearly and unmistakably erroneous. 38 C.F.R. § 2.1077(a), (b) (1945).



REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Procedural History and Factual Background

The Veteran served on active duty from July 1944 to December 1945 during World War II, during which he had service in the European Theatre and was held as prisoner of war by Axis forces from January to April of 1945. During his time of captivity during these winter months, the Veteran frequently slept outside, and as a result, he incurred cold injuries to his feet. The history of this injury, affirmatively incurred during active service, was noted on the separation medical examination performed on December 3, 1945.

Approximately two weeks later, on December 14, 1945, the Veteran submitted a formal service connection claim for the residuals of this in-service injury. However, in April 1946, the Chicago, Illinois, RO issued a rating decision denying service connection for the residuals of this in-service injury, concluding that the evidence of record failed to reflect any current related disability.

Many years thereafter, the Veteran again sought service connection for the residuals of his in-service cold injuries, and he was awarded service connection with an effective date of August 7, 1992. 

The RO, and subsequently the Board and the United States Court of Appeals for Veterans Claims (Court), denied the Veteran's claim seeking an earlier effective date, finding that the Veteran did not appeal the April 1946 denial of his initial claim and that the finality of this decision was a bar to awarding an effective date prior to the date of receipt of his claim to reopen, which was received in August 1992.

The Veteran has long asserted that this 1946 rating decision was not final, as he filed a timely notice of disagreement, which was lost or misplaced, likely due to the incredible volume of claims received by VA at the time, during which many service members were discharging from service due to the conclusion of World War II. The issue of whether the Veteran's report was sufficient to negate the finality of this 1946 rating decision, thereby entitling him to an effective date commensurate with his discharge from service, has been the subject of much litigation. In that regard, the Board denied the Veteran's claim for an earlier effective date on this theory in November 1999, and the Court vacated and remanded the decision for issuance of proper notice in April 2001 pertaining to VA's duty to notify. In February 2002, the Board again denied the Veteran's earlier effective date claim on the theory that the 1946 decision was not final; however, the parties to this case subsequently filed a Joint Motion for Remand with the Court, who granted the Joint Motion in an Order issued in May 2003. In November 2003, the Board remanded the claim to ensure compliance with the duty to notify and then denied the claim in June 2005. The Veteran appealed the Board's denial to the Court, who affirmed the decision in a Memorandum Decision issued in March 2007. The Veteran appealed the Court's decision to the United Stated Court of Appeals for the Federal Circuit (Federal Circuit), who reversed the Court's decision and remanded the case to the Court in a March 2008 decision pertaining only to application of the common la mailbox rule.

Subsequently, the Court remanded the claim to the Board in July 2008, and the Board again denied the earlier effective date claim in July 2009. The Veteran again appealed the Board's denial to the Court, who affirmed the decision in a Memorandum Decision issued in April 2011. The Veteran again appealed the Court's decision to the Federal Circuit, who affirmed the Court's decision finding that both the Board and the Court fulfilled their obligations from the prior remand.

Significantly, only the November 1999 decision addressed the theory that the April 1946 rating decision was indeed final but contained CUE, thereby entitling the Veteran to an earlier effective date. See Rudd v. Nicholson, 20 Vet. App. 296 (2006). In contrast, the subsequent decisions at all levels litigated the finality of the April 1946 rating decision and noted that the November 1999 Board decision regarding CUE in the 1946 rating decision was undisturbed.

Legal Criteria for Establishing CUE 

A Board or rating decision is subject to revision on the grounds of CUE. If evidence establishes this type of error, the prior decision shall be reversed or revised. 38 U.S.C.A. 7111 (West 2014). CUE is a very specific and rare kind of error, of fact or law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. 38 U.S.C.A. 7111; 38 C.F.R. § 20.1403(a) (2014). Generally, either the correct facts, as they were known at the time, were not before the Board or RO, or the statutory and regulatory provisions extant at the time were incorrectly applied. Id. 

A determination of CUE in a prior Board or rating decision must be based on the record and the law that existed when that decision was made. 38 C.F.R. § 20.1403(b)(1). To warrant revision of a Board or rating decision on the grounds of CUE, there must have been an error in the Board's or RO's adjudication of the claim which, had it not been made, would have manifestly changed the outcome when it was made. If it is not absolutely clear that a different result would have ensued, the error complained of cannot be CUE. 38 C.F.R. § 20.1403(c).

Analysis

At the outset, the Board notes that the issue of whether the November 1999 Board decision (which found no CUE in the April 1946 rating decision) is clearly and unmistakably erroneous is within the purview of the Board's appellate jurisdiction. The portion of the November 1999 Board decision addressing whether the April 1946 rating decision contained CUE was not adjudicated, and therefore not subsumed, by the March 2007 Court decision, or, in turn, by the March 2008 Federal Circuit reversal and vacatur of that decision, or the subsequent decisions. 

While the Court had jurisdiction to address the entirety of the appealed November 1999 Board decision, to include the Board's decision regarding whether the April 1946 rating decision was a product of CUE, the Court did not elect to address this portion of the decision, instead focusing entirely on an analysis regarding the finality of the April 1946 rating decision. The result of the Court's decision not to address an issue essentially renders the issue unappealed and does not equate to an affirmance of that issue. See Pederson v. McDonald, No. 13-1853, 2015 WL 590779 (U.S. Vet. App. Feb. 13, 2015); Cacciola v. Gibson, 27 Vet. App. 45 (2014). 

In other words, as the portion of the November 1999 Board decision regarding whether the April 1946 rating decision was the product of CUE was not addressed, and therefore not subsumed, by any later decisions of higher appellate courts, the Board may now address whether this aspect of the November 1999 Board decision was a product of CUE. See generally Smith v. Brown, 35 F.3d 1516 (Fed. Cir. 1994); cf. 38 C.F.R. § 20.1400(b)(2) (Board decisions on issues which have subsequently been decided by a court of competent jurisdiction are not subject to CUE motions) (emphasis added).

As explained below, the April 1946 rating decision failed to correctly apply the statutory and regulatory provisions extant at the time, and as the correct application would have resulted in a grant of service connection, the April 1946 rating decision was a product of CUE. Further, as the Board failed to recognize the incorrect application of statutory and regulatory provisions in the April 1946 rating decision, and the recognition of this error would have resulted in the grant of an earlier effective date for the grant of service connection for cold injury residuals, the November 1999 Board decision is also the product of CUE.

At the time of the issuance of the April 1946 rating decision, 38 C.F.R. § 2.1077(a), (b) (1945) defined service connection as awarded for disabilities that are shown to have been directly incurred or aggravated by active military service. Pursuant to this regulation, when determining whether service connection is established, "due consideration shall be given to the places, types, and circumstances of service shown by the service record, the official history of each organization in which the veteran served, his medical records, and all pertinent medical and lay evidence." 38 C.F.R. § 2.1077(b) (1945) (emphasis added).

The Veteran's discharge document and his separation medical examination report undebatably establish that the Veteran incurred cold injuries of his feet while a prisoner of war. Further, the formal service connection claim form submitted by the Veteran in December 1945 reflects lay evidence of a current disability of frozen feet, as attested to by both the Veteran and his mother. Specifically, the Veteran reports a current disability of "frozen feet," incurred during service, and cites his mother as a person with knowledge of this disability. Significantly, cold injury residuals are the type of disability that is capable of lay observation and at the time of the Veteran's service connection claim, the neurological testing now used to detect such cold injury impairments had not yet been developed; thus, diagnosis and treatment of cold injury residuals would presumably be predicated entirely on reported symptomatology.

However, the April 1946 rating decision reflects the RO's conclusion that the Veteran did not have a present disability resulting from his cold injuries of the feet, and in support of this finding, the RO cited only the portions of the Veteran's separation medical examination that noted his feet to appear normal, with no consideration given to the pertinent lay evidence establishing a present disability. Accordingly, the RO's conclusion was in direct conflict with the regulatory provision that pertinent lay evidence "shall" be duly considered. 

Moreover, if the RO had correctly applied the service connection regulations then in effect to the evidence then of record, a current disability resulting from the Veteran's in-service cold injuries would have been established, and service connection would have been granted. Accordingly, if the RO had correctly applied the service connection regulations then in effect to the evidence then of record, the outcome of the decision of the Veteran's service connection claim would have been manifestly changed. Thus, the April 1946 rating decision's denial of the service connection claim for the residuals of cold injuries of the feet was clearly and unmistakably erroneous. 

Likewise, as the November 1999 Board decision did not discuss the evidentiary value of the lay evidence of record to establish the presence of a current disability, or the applicability of the 1946 service connection regulation's mandate of consideration of lay evidence, the Board incorrectly applied the pertinent regulations to the evidence then of record and accordingly incorrectly determined that the April 1946 rating decision was not clearly and unmistakably erroneous. Thus, the November 1999 Board decision was clearly and unmistakably erroneous, inasmuch as it concluded that the April 1946 rating decision denial of service connection for cold injury residuals of the feet was not clearly and unmistakably erroneous. 

Given these findings of CUE in both the November 1999 affirmance of the April 1946 rating decision and in the April 1946 rating decision itself, the Veteran's motion to revise or reverse the November 1999 Board decision based on CUE is granted. Accordingly, the November 1999 Board decision and the April 1946 denial of service connection are reversed, resulting in a retroactive grant of service connection for cold injury residuals.


ORDER

The motion to revise the November 1999 Board decision on the basis of CUE is granted, and the decision is revised to conclude that the April 1946 rating decision contains CUE.

The motion to reverse the April 1946 rating decision on the basis of CUE is granted, and the April 1946 rating decision's denial of service connection for cold injury residuals is reversed to a grant of the benefit sought.




____________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs