Citation Nr: 1829748 
Decision Date: 07/24/18 Archive Date: 08/02/18

DOCKET NO. 15-15 878 ) DATE
 )
 )


THE ISSUE

Whether a January 27, 2014, decision of the Board of Veterans' Appeals denying service connection for urinary disorder, variously claimed as urethritis and bladder infection, should be revised or reversed based on clear and unmistakable error (CUE).


REPRESENTATION

Moving party represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

C.A. Skow, Counsel


INTRODUCTION

The Veteran, who is the moving party, served on active duty from January 1967 to May 1967, and from December 1990 to May 1991.
On January 27, 2014, the Board of Veterans' Appeals (Board) denied the Veteran's claim of entitlement to service connection for urinary disorder, variously claimed as urethritis and bladder infection, which came before the Board on appeal from a September 2005 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee.

This matter comes before the Board in response to a March 2014 request that was interpreted as a motion for review and revision based on CUE.


FINDINGS OF FACT

1. In a January 27, 2014 decision, the Board denied service connection for urinary disorder. The Moving Party was provided with a copy of the decision. The Moving Party did not appeal the adverse decision to the United States Court of Appeals for Veterans Claims and it is therefore final.

2. The Moving Party has advanced no specific claim of CUE in the January 27, 2014 Board decision.


CONCLUSION OF LAW

The motion to revise or reverse the January 27, 2014 Board decision denying service connection for urinary disorder is dismissed without prejudice to refiling. 38 U.S.C. § 7111; 38 C.F.R. §§ 20.1400, 20.1403, 20.1404.



REASONS AND BASES FOR FINDINGS AND CONCLUSION

In a January 27, 2014 decision, the Board denied service connection for urinary disorder. The Moving Party was provided with a copy of the decision. The Moving Party did not appeal the adverse decision to the United States Court of Appeals for Veterans Claims and it is therefore final. 38 U.S.C.A. § 7105(b), (c); 38 C.F.R. § 3.160(d), 20201, 20.302, 20.1103.

March 2014 correspondence is interpreted as a motion for review and revision based on CUE of the Board's January 27, 2014 decision denying service connection for urinary disorder. See VA Form 21-4138 (March 2014).

The Board concludes that the Moving Party has advanced no specific claim of CUE in the January 27, 2014 Board decision and, therefore, the claim must be dismissed without prejudice to refiling.

The relevant law provides that a "Motion to Revise" a Board decision must set forth clearly and specifically the alleged CUE of fact or law in the Board decision, the legal or factual basis for such allegations, and why the result would have been manifestly different but for the alleged error. Non-specific allegations of failure to follow regulations or failure to give due process, or any other general, non-specific allegations of error, are insufficient to satisfy the requirement of the previous sentence. Motions which fail to comply with the requirements set forth in this paragraph shall be dismissed without prejudice to refiling. 38 C.F.R. § 20.1404.

Under 38 C.F.R. § 20.1409(c), the Board's regulations specify that a moving party has only one opportunity to challenge a Board decision based on CUE. A claimant is allowed only one request for revision based on CUE for each Board decision, even if a claimant's second request for revision based on CUE attempts to raise a different theory of CUE. There is a difference between a Board decision and RO decisions with respect to CUE claims. The regulations governing CUE challenges to finality of RO decisions do not limit the number of times a claimant may raise a CUE claim as to a specific RO decision. 38 U.S.C. § 5109A; 38 C.F.R. § 3.105; Andrews v. Nicholson, 421 F.3d 1278 (Fed. Cir. 2005); Andre v. Principi, 301 F.3d 1354 (Fed. Cir. 2002). In contrast, the regulation limits each claimant to one challenge to the finality of each Board decision. Hillyard v. Shinseki, 695 F.3d 1257, 1258 (2012). 

In addressing the requirement of specificity in claims of CUE, the United States Court of Appeals for Veterans Claims has clarified that:

... it is harder in the context of CUE motions to define what amounts to a sympathetic reading because broadly reading CUE motions is a double edged sword. While a broad reading can lead to faster adjudication of CUE theories and can expedite receipt of benefits if the motion is successful, it also has the potential to have broad res judicata effects as to motions that are denied. See Bingham v. Nicholson, 421 F.3d 1346, 1349 (Fed. Cir. 2005) (holding that a Board decision is final as to all theories of entitlement before the Board, not just those actually considered and rejected). Hence, the Court must consider the potential prejudice that would be caused to claimants if the Secretary "sympathetically" reads a theory into a CUE motion and then proceeds to issue a decision rejecting that theory so as to preclude any further attempts at revision. Arguably, CUE theories are more likely to be successful when the claimant (self-represented or with representation) clearly intends to raise it and marshals all the facts, law, and potential arguments in support of it than when the Secretary attempts to construct a theory from a cryptic statement or fleeting reference in a pleading. Hence, the Court must be sensitive to the proper line between allegations that are rough but recognizable and those that lack the necessary specificity.

Certainly, a sympathetic reading of a CUE motion can fill in details where the theory is not fully fleshed out, but it cannot supply a theory that is absent. Accordingly, the Court concludes that Andrews does not shift the burden onto the Secretary to imagine ways in which the original decision might be defective. Rather a sympathetic reading of a CUE motion requires the Secretary to fill in omissions and gaps that an unsophisticated claimant may leave in describing his or her specific dispute of error with the underlying decision. See Canady v. Nicholson, 20 Vet. App. 393, 402 (2006) (noting that manifestly changed outcome might be "obvious from the context of the pleadings" or "inferred from a sympathetic reading"). For example, the Secretary may be required to infer the appropriate authority based upon a claimant's description of the factual basis of his CUE motion or to review the record for appropriate evidence where the appellant cites to a narrow authority that pertains only to one specific theory of Board error. However, if the pleading could encompass numerous theories that may be raised by the record, the Secretary is not required either to adjudicate them all or to decide which ones have the most merit. In that circumstance, a CUE motion is properly dismissed without prejudice. See 38 C.F.R. § 20.1404(b) (stating that the Board must dismiss without prejudice when the Board determines that a CUE claim lacks the requisite pleading specificity); see also Canady, 20 Vet. App. at 400 (noting that a request for revision that fails to comply with the pleading requirements of 38 C.F.R. § 20.1404(b) "shall be dismissed without prejudice to refiling"). In saying this, the Court is not trying to establish a bright-line rule. Mechanical rules are easily misapplied to unsophisticated pro se pleadings. Rather the Court recognizes that the difficult task of sympathetically reading CUE motions must apply common sense to balance reasonable assistance to Veterans against undue burdens on the Secretary and the negative consequences of sympathetically raising weak CUE arguments only to deny them.

Acciola v. Peake, 22 Vet. App. 320 (2008).

The record shows that, in its January 2014 decision, the Board concluded that a urinary disorder was not shown in service or for many years after service; that it is unrelated to service or a disease or injury of service origin; and that it is unrelated to a service-connected disorder. In its January 2014 decision, the Board discussed VA's duties to notify and assist; outlined the relevant laws including those pertaining to secondary service connection and compensation based on Persian Gulf War service; addressed the relevant lay, medical, and treatise-type evidence; and explained why the lay evidence was unpersuasive. The Board specifically addressed the Veteran's assertion that his disability was either linked to service or fibromyalgia.

Correspondence received in March 2014 has been construed as a Motion to Revise based on CUE. The Moving Party stated that:

CUE all legal theories for service-connection. Nashville Regional Office audit. Due Process, incorrect judgment of law, failure to follow M-21-MR - incorrect dates of claim - evidence supported claims. Violation of property right of entitlement - delaying process until suspended dates - evidence requests. Stalled claims - errors with impact on veterans benefits (13) this is wrong date by VAOIG - exceeding 365 days Sept. 29, 2009 not in accordance with laws. 81 errors - secondary conditions, residuals.

In reviewing the Moving Party's written statement, and other statements submitted since the March 2014 motion, the Board is unable to ascertain the specific nature of the CUE claim. The Moving Party identifies no specific error in the Board's January 27, 2014 decision denying service connection for urinary disorder. The Moving Party appears to advance solely that he believes that the documentation of record should be interpreted differently. Because the Moving Party's pleadings could encompass any number of theories that may be raised by the record, but do not specifically identify any alleged error or errors in the Board's decision, the Board concludes that the Moving Party's motion to reverse or revise the Board's January 27, 2014 decision lacks the necessary specificity as required to constitute a valid motion for revision or reversal based on CUE.

The Board finds that it would be prejudicial to the Moving Party for the Board to accept as legally sufficient a claim which is defined by law as not legally sufficient and which would foreclose any opportunity for the Moving Party to raise a legally sufficient claim. Therefore, the motion must be dismissed without prejudice to refiling.



ORDER

The CUE motion is dismissed without prejudice to refiling.




_____________________________________________________
 DONNIE R. HACHEY
 Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs