Citation Nr: 1829889 
Decision Date: 09/24/18 Archive Date: 10/03/18

DOCKET NO. 17-42 387 ) DATE
 )
 )


THE ISSUE

Whether a January 24, 2017, decision of the Board of Veterans' Appeals denying service connection for an acquired psychiatric disability, to include agoraphobia, should be revised or reversed based on clear and unmistakable error (CUE). 


ATTORNEY FOR THE BOARD

P. Daugherty, Associate Counsel


INTRODUCTION

The Veteran, who is the moving party, served on active duty from October 1968 to June 1970. On January 24, 2017, the Board of Veterans' Appeals (Board) denied the Veteran's claim for entitlement to service connection for an acquired psychiatric disability, also claimed as agoraphobia. This decision also granted the Veteran's claim to reopen a claim for entitlement to service connection for a low back disorder and remanded the Veteran's claims for entitlement to service connection for a back disorder, entitlement to service connection for a knee disorder, entitlement to service connection for a bilateral hip disorder, and entitlement to a rating in excess of 10 percent for left foot bipartite sesamoid bone. As the remanded claims are not final, they are not subject to the Veteran's CUE motion. 


FINDINGS OF FACT

1. In a January 24, 2017, decision, the Board denied service connection for an acquired psychiatric disorder. The Moving Party was provided with a copy of the decision. The Moving Party appealed the adverse action to the United States Court of Appeals for Veterans Claims (the Court), but withdrew the appeal and the appeal was dismissed by the Court in May 2018. The January 24, 2017, Board decision is therefore final. 
2. The Moving Party has advanced no specific claim of CUE in the January 24, 2017, Board decision. 


CONCLUSION OF LAW

The motion to revise or reverse the January 24, 2017 Board decision denying service connection for an acquired psychiatric disorder is dismissed without prejudice to refiling. 38 U.S.C. § 7111; 38 C.F.R. §§ 20.1400, 20.1403, 20.1404.


REASONS AND BASES FOR FINDINGS AND CONCLUSION

As outlined above, a January 24, 2017, Board decision denied the Veteran's claim for service connection for an acquired psychiatric disability. The Moving Party was provided with a copy of the decision. While the Veteran appealed the adverse decision to the United States Court of Appeals for Veterans Claims (the Court), the Veteran subsequently withdrew his appeal and the Court dismissed it in May 2017. Therefore, the January 24, 2017, Board decision is final. 38 U.S.C. § 7105 (b), (c); 38 C.F.R. § 3.160 (d), 20201, 20.302, 20.1103.

Correspondence received from the Veteran in March 2017 is interpreted as a motion for review and revision based on CUE of the Board's January 24, 2017, decision denying service connection for an acquired psychiatric disability. See, correspondence dated March 2017. 

The Board concludes that the Moving Party has advanced no specific claim of CUE in the January 24, 2017, Board decision and therefore, the claim must be dismissed without prejudice to refiling. 

The relevant law provides that a "Motion to Revise" a Board decision must set forth clearly and specifically the alleged CUE of fact or law in the Board decision, the legal or factual basis for such allegations, and why the result would have been manifestly different but for the alleged error. Non-specific allegations of failure to follow regulations or failure to give due process, or any other general, non-specific allegations of error, are insufficient to satisfy the requirement of the previous sentence. Motions which fail to comply with the requirements set forth in this paragraph shall be dismissed without prejudice to refiling. 38 C.F.R. § 20.1404 .

Under 38 C.F.R. § 20.1409 (c), the Board's regulations specify that a moving party has only one opportunity to challenge a Board decision based on CUE. A claimant is allowed only one request for revision based on CUE for each Board decision, even if a claimant's second request for revision based on CUE attempts to raise a different theory of CUE. There is a difference between a Board decision and RO decisions with respect to CUE claims. The regulations governing CUE challenges to finality of RO decisions do not limit the number of times a claimant may raise a CUE claim as to a specific RO decision. 38 U.S.C. § 5109A; 38 C.F.R. § 3.105; Andrews v. Nicholson, 421 F.3d 1278 (Fed. Cir. 2005); Andre v. Principi, 301 F.3d 1354 (Fed. Cir. 2002). In contrast, the regulation limits each claimant to one challenge to the finality of each Board decision. Hillyard v. Shinseki, 695 F.3d 1257, 1258 (2012). 

 In addressing the requirement of specificity in claims of CUE, the United States Court of Appeals for Veterans Claims has clarified that:
... it is harder in the context of CUE motions to define what amounts to a sympathetic reading because broadly reading CUE motions is a double edged sword. While a broad reading can lead to faster adjudication of CUE theories and can expedite receipt of benefits if the motion is successful, it also has the potential to have broad res judicata effects as to motions that are denied. See Bingham v. Nicholson, 421 F.3d 1346, 1349 (Fed. Cir. 2005) (holding that a Board decision is final as to all theories of entitlement before the Board, not just those actually considered and rejected). Hence, the Court must consider the potential prejudice that would be caused to claimants if the Secretary "sympathetically" reads a theory into a CUE motion and then proceeds to issue a decision rejecting that theory so as to preclude any further attempts at revision. Arguably, CUE theories are more likely to be successful when the claimant (self-represented or with representation) clearly intends to raise it and marshals all the facts, law, and potential arguments in support of it than when the Secretary attempts to construct a theory from a cryptic statement or fleeting reference in a pleading. Hence, the Court must be sensitive to the proper line between allegations that are rough but recognizable and those that lack the necessary specificity.

Certainly, a sympathetic reading of a CUE motion can fill in details where the theory is not fully fleshed out, but it cannot supply a theory that is absent. Accordingly, the Court concludes that Andrews does not shift the burden onto the Secretary to imagine ways in which the original decision might be defective. Rather a sympathetic reading of a CUE motion requires the Secretary to fill in omissions and gaps that an unsophisticated claimant may leave in describing his or her specific dispute of error with the underlying decision. See Canady v. Nicholson, 20 Vet. App. 393, 402 (2006) (noting that manifestly changed outcome might be "obvious from the context of the pleading" or "inferred from a sympathetic reading"). For example, the Secretary may be required to infer the appropriate authority based upon a claimant's description of the factual basis of his CUE motion or to review the record for appropriate evidence where the appellant cites to a narrow authority that pertains only to one specific theory of Board error. However, if the pleading could encompass numerous theories that may be raised by the record, the Secretary is not required either to adjudicate them all or to decide which ones have the most merit. In that circumstance, a CUE motion is properly dismissed without prejudice. See 38 C.F.R. § 20.1404 (b) (stating that the Board must dismiss without prejudice when the Board determines that a CUE claim lacks the requisite pleading specificity); see also Canady, 20 Vet. App. at 400 (noting that a request for revision that fails to comply with the pleading requirements of 38 C.F.R. § 20.1404 (b) "shall be dismissed without prejudice to refiling"). In saying this, the Court is not trying to establish a bright-line rule. Mechanical rules are easily misapplied to unsophisticated pro se pleadings. Rather the Court recognizes that the difficult task of sympathetically reading CUE motions must apply common sense to balance reasonable assistance to Veterans against undue burdens on the Secretary and the negative consequences of sympathetically raising weak CUE arguments only to deny them. Acciola v. Peake, 22 Vet. App. 320 (2008).

The record shows that, in its January 2017 decision, the Board concluded that the Veteran did not meet the criteria for posttraumatic stress disorder (PTSD), did not experience combat, and that the Veteran's current psychiatric disability was not related to his active duty service. Further, the Board noted that to the extent that the Veteran had a personality disorder, it is not a disease for which service connection can be granted unless there is a mental disorder superimposed upon the personality disorder, of which there was no evidence of in this case. The Board discussed VA's duties to notify and assist, outlined the relevant laws pertaining to service connection and more specifically pertaining to service connection for PTSD, and addressed the relevant lay and medical evidence in detail, in order to explain the rationale for the denial of service connection. 

Correspondence received from the Veteran in March 2017 has been construed as a Motion to Revise based on CUE. Essentially, the Veteran asserted that VA did not properly address the evidence and his lay statements regarding his service in Vietnam, Laos, and Cambodia, and did not make an effort to obtain certain records, among other things. See, correspondence dated March 2017. Parenthetically, the Board notes that to the extent such language may have been an effort by the Moving Party to assert that the Board did not comply with the duty to assist and/or did not properly weigh the evidence, such assertions cannot constitute CUE. See 38 CFR § 14.1403(d)(2) and (3). 

However, at this time, in the process of reviewing the Moving Party's written statement, and other statements submitted since the March 2017 motion, the Board finds that it is currently unable to ascertain the specific nature of the CUE claim. The Moving Party identifies no specific error in the Board's January 24, 2017, decision denying service connection for an acquired psychiatric disorder. Instead the Moving Party appears to advance solely that he believes that the documentation of record should be interpreted differently. Because the Moving Party's pleadings could encompass any number of theories that may be raised by the record, but do not specifically identify any alleged error or errors in the Board's decision, the Board concludes that the Moving Party's motion to reverse or revise the Board's January 24, 2017, decision lacks the necessary specificity as required to constitute a valid motion for revision or reversal based on CUE.

In summary, the Board has concluded that it would be prejudicial to the Moving Party for the Board to accept as legally sufficient a claim which is defined by law as not legally sufficient and which would foreclose any opportunity for the Moving Party to raise a legally sufficient claim. Therefore, the Board finds that the motion must be dismissed without prejudice to refiling.


ORDER

The CUE motion is dismissed without prejudice to refiling. 




 ____________________________________________
 Michael J. Skaltsounis
 Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs