**Frances G. BROWN, Petitioner,**

v.

**DEPARTMENT OF the NAVY,
Respondent.**

No. 2006–3331.

United States Court of Appeals,
Federal Circuit.

Sept. 20, 2006.

Before LOURIE, Circuit Judge,
CLEVENGER, Senior Circuit Judge, and
BRYSON, Circuit Judge.

PER CURIAM.

*ORDER*

Frances G. Brown moves to stay the briefing schedule pending disposition of her case by the Administrative Judge (AJ). We consider whether Brown's petition for review of the June 26, 2006 decision of the Merit Systems Protection Board in *Brown v. Department of the Navy,* 2006 MSPB 177, 102 M.S.P.R. 377, should be dismissed.

* If the AJ issues an adverse final decision at a later date, Brown may thereafter seek review

Brown filed an appeal seeking review of nine alleged personnel actions. The AJ dismissed Brown's appeal. The AJ determined that some of the matters were not "personnel actions" under 5 U.S.C. § 2302(a), dismissed one claim for failure to state a claim upon which relief could be granted, and determined that review of the remaining matters was barred under the principles of res judicata, collateral estoppel, or law of the case. Brown petitioned the Board for review. The Board upheld certain determinations but held that the AJ had erred in determining that some of Brown's claims were barred by res judicata, collateral estoppel, or law of the case. The Board also disagreed with the AJ concerning whether certain matters qualified as "personnel actions" pursuant to 5 U.S.C. § 2302(a). The Board remanded, and Brown seeks review of the Board's remand order.

This court's review of Board decisions is governed by 5 U.S.C. § 7703. Section 7703(b)(1) provides that this court has jurisdiction to review final orders and decisions of the Board. We have stated that "an order remanding a matter to an administrative agency for further findings and proceedings is not final." *Cabot Corp. v. United States,* 788 F.2d 1539, 1542 (Fed. Cir.1986); *see also Caesar v. West,* 195 F.3d 1373, 1374 (Fed.Cir.1999) ("Remands to administrative agencies, because they mark a continuation of the case, are not generally considered final for jurisdictional purposes"). Because the Board remanded to the AJ for further proceedings, the Board's decision is not final and thus we dismiss for lack of jurisdiction.*

Accordingly,

IT IS ORDERED THAT:

of that decision.

(1) The petition for review is dismissed.

(2) Each side shall bear its own costs.

(3) Brown's motion to stay proceedings is moot.