## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STACIE ANNE DAVIS,
                Appellant,

       v.

DEPARTMENT OF VETERANS
    AFFAIRS,
                Agency.

DOCKET NUMBER
DC-0752-20-0348-I-1

DATE: April 11, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Stacie Anne Davis</u>, Virginia Beach, Virginia, pro se.

<u>Nanita Cornish</u>, Esquire, Hampton, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her 38 U.S.C. § 714 removal appeal as settled. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the appellant's petition for review; however, for the reasons discussed herein, we FORWARD the appellant's petition for review to the regional office for docketing as a new petition for enforcement.

## BACKGROUND

On June 20, 2019, the agency proposed to remove the appellant, a GS-6 Practical Nurse, under the authority of 38 U.S.C. § 714 based on the following charges: (1) absence without leave (AWOL); (2) failure to following proper leave requesting procedures; and (3) failure to follow supervisory instructions. Initial Appeal File (IAF), Tab 5 at 11, 20-22. Shortly thereafter, on July 11, 2019, the appellant signed a last chance settlement agreement (LCA) with the agency. *Id*. at 17-19. The LCA provided that, if the appellant committed any misconduct within 2 years of the date of the LCA, such misconduct would "trigger the removal presently held in abeyance being effectuated." *Id*. at 17. The LCA also provided that, in the event of such a breach, the appellant waived any right to file an appeal, complaint, or grievance regarding her removal. *Id*. at 17-18.

Approximately 6 months later, on January 27, 2020, the agency notified the appellant that she had violated the LCA insofar as she had accumulated 64 hours of AWOL between September 23, 2019, and October 3, 2019. *Id*. at 14. On January 30, 2020, the agency issued a decision letter notifying the appellant that she would be removed from her position effective February 7, 2020. *Id*. at 13. The agency thereafter removed her as indicated. *Id*. at 11-12.

On February 3, 2020, just prior to the effective date of her removal, the appellant appealed the agency's action to the Board.[2] IAF, Tab 1. On appeal, the appellant averred that she had signed the LCA only because her union representative "said [she] should." *Id*. at 5. She also argued that she had not violated the LCA and that the agency had retaliated against her "for being sick." *Id*. The appellant requested a hearing on the matter. *Id*. at 2.

Thereafter, on August 14, 2020, the parties entered into a settlement agreement and submitted a copy of the same into the record. IAF, Tab 15 at 4-7. Pursuant to the terms thereof, the agency agreed to replace the January 30, 2020 decision letter with a letter indicating that the appellant had been removed because she was medically unable to perform the essential functions of her position. *Id*. at 5. It also agreed to rescind the February 7, 2020 Standard Form 50 (SF-50) indicating that the appellant had been removed for cause and replace it with an SF-50 indicating that the appellant had been removed based on a medical inability to perform. *Id*. The agreement provided that the agency would complete these tasks within 30 days. *Id*. The administrative judge issued an initial decision on August 14, 2020, dismissing the matter with prejudice as settled and entering the agreement into the record for enforcement purposes. IAF, Tab 16, Initial Decision at 1-2.

Approximately 6 months later, on February 19, 2021, the appellant filed a petition for enforcement with the Board, alleging that the agency had violated the terms of the settlement agreement. *Davis v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-20-0348-C-1, Compliance File (CF), Tab 13. In her petition for enforcement, the appellant averred that the agency had failed to provide her with either an updated decision letter or an updated SF-50. *Id*. at 4. The appellant explained that she could not complete her "medical retirement

---

[2] Although the appellant's appeal was premature, it became ripe for the Board's adjudication shortly thereafter, and it was therefore appropriate for the administrative judge to process the appeal. *See Barrios v. Department of the Interior*, 100 M.S.P.R. 300, ¶ 6 (2005).

package" without these forms. *Id*. The agency filed a response wherein it indicated that, due to internal "confusion," an updated decision letter and SF-50 had not been mailed to the appellant until February 24, 2021, and March 4, 2021, respectively. CF, Tab 3 at 5.

The appellant thereafter indicated that she wished to voluntarily withdraw her petition for enforcement. CF, Tab 10, Audio Recording (AR) at 00:02:26 to 00:02:33. The appellant's withdrawal election is memorialized in the record via a March 10, 2021 audio recording of a telephone conversation between the appellant and the administrative judge. AR. In this recording, the administrative judge summarized the appellant's apparent position, i.e., that she would only consider the agency's apparent breach of the settlement agreement to be material if the Office of Personnel Management (OPM) were to deny her pending application for disability retirement and its denial was causally related to the agency's breach. AR at 00:01:30 to 00:01:45. The appellant confirmed that the administrative judge had correctly summarized her position. AR at 00:02:12 to 00:02:20. During this recorded conversation, the administrative judge informed the appellant that she could withdraw her petition and, if OPM subsequently denied her application for disability retirement, then she could subsequently refile the same.[3] AR at 00:01:45 to 00:02:08.

On March 11, 2021, the administrative judge issued an initial decision dismissing the appellant's petition for enforcement as withdrawn. CF, Tab 11, Compliance Initial Decision (CID) at 1, 3. Although the administrative judge dismissed the matter "with prejudice," CID at 1, 3, he also indicated that, "in the event OPM denies [the appellant's] application for disability retirement and she believes that any such decision is related to the agency's alleged failure to timely

---

[3] It is unclear from the record why the agency was not a part of this conversation; however, the administrative judge apparently "spoke to the agency's representative of record" 1 day prior, on March 9, 2021, and the representative did not object to the course of action discussed by the appellant and the administrative judge. CF, Tab 11, Compliance Initial Decision at 3 n.3.

comply with the terms of the agreement, she may file a [petition for enforcement] at that time based on this claim," CID at 2-3.

Approximately 2 months later, on May 12, 2021, the appellant submitted a filing to the Board that was docketed as a petition for review of the August 14, 2020 initial decision. Petition for Review (PFR), Tab 1.[4] In this filing, the appellant argues that the agency's failure to comply with the parties' settlement agreement affected her disability retirement application, and she explains that, as a result, she wants to "vacate the initial settlement agreement and seek legal counsel." *Id*. at 3. With her filing, the appellant provides, among other things, a May 4, 2021 letter indicating that OPM denied as untimely filed her March 5, 2021 application for disability retirement. *Id*. at 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's May 12, 2021 filing ostensibly challenges the August 14, 2020 initial decision dismissing her removal appeal as settled. A party may file a petition for review challenging the validity of a settlement agreement if the party believes that the agreement is unlawful, involuntary, or the result of fraud or mutual mistake. *Barker v. Department of Agriculture*, 100 M.S.P.R. 695, ¶ 4 (2006). Here, however, because the appellant neither challenges the parties' settlement agreement on any of these bases nor alleges that the administrative judge erred in dismissing her removal appeal as settled, she has not provided a basis for granting her petition for review.[5]

However, although the appellant's May 12, 2021 filing was docketed as a petition for review of the August 14, 2020 initial decision, it is clear from both the procedural history of this matter and the filing itself that the appellant, who is

---

[4] The agency has filed a response wherein it argues that the appellant fails to show good cause for her untimely filed petition for review. PFR File, Tab 3 at 4-5. The agency also avers that "a petition for review is not the appropriate action in this case." *Id*. at 6. The appellant has filed a reply thereto. PFR File, Tab 5.

[5] Because we so find, we need not address the timeliness of the appellant's petition for review.

proceeding pro se, intended to file a second petition for enforcement; accordingly, we forward this matter to the regional office for further adjudication. *See Melendez v. Department of Veterans Affairs*, 106 M.S.P.R. 128, ¶¶ 6-7, 9 (2007) (remanding for redocketing and further adjudication a removal appeal that the pro se appellant incorrectly categorized as a motion for compensatory damages after considering the procedural posture of the appeal and the content of the appellant's filing); *see also Barker*, 100 M.S.P.R. 695, ¶ 5 (reasoning that the appellant's filing, which alleged that the agency had breached the parties' settlement agreement but neither argued that the administrative judge erred in dismissing his appeal as settled nor challenged the validity of the settlement agreement, was "in substance a petition for enforcement").

In forwarding this matter for docketing as a second petition for enforcement, we acknowledge that an appellant's decision to withdraw an appeal is generally considered final, and relitigation of such appeals is therefore typically barred by res judicata.[6] *See Zendejas v. Department of Homeland Security*, 107 M.S.P.R. 348, ¶ 6 (2007) (stating that an appellant's decision to withdraw an appeal ordinarily will be accorded finality); *see also Brown v. Department of the Navy*, 102 M.S.P.R. 377, ¶ 10 (reasoning that the dismissal of an appeal following the appellant's withdrawal of the same was with prejudice and, therefore, that any relitigation of the issues raised in the matter was barred by res judicata), *review dismissed*, 199 F. App'x 949 (Fed. Cir. 2006). However, the Board has found that a withdrawal based on misinformation or a misunderstanding constitutes an exception to the general finality rule, and that,

---

[6] Res judicata, or claim preclusion, prevents parties from litigating claims that were brought or could have been brought in a prior action. *Davis v. U.S. Postal Service*, 119 M.S.P.R. 22, ¶ 17 (2012), *overruled on other grounds by Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 19. It applies when (1) the prior decision was rendered by a forum with competent jurisdiction, (2) the prior decision was a final decision on the merits, and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id*.

when such circumstances are present, the adjudication of a subsequent appeal of the same action is not precluded. *Zendejas*, 107 M.S.P.R. 348, ¶ 6.

Here, although the appellant voluntarily withdrew her petition for enforcement and the administrative judge indicated that the matter was being dismissed "with prejudice," the administrative judge thereafter contradictorily informed the appellant that she could permissibly raise the same claims before the Board again if a condition subsequent, i.e., the denial of her application for disability retirement, occurred. CID at 1-3. Moreover, in the parties' recorded conversation, AR, the administrative judge informed the appellant that she could permissibly withdraw her petition for enforcement and then subsequently refile another petition for enforcement concerning the same claims. We therefore find it appropriate to forward this matter for adjudication as a second petition for enforcement. *See Leno v. Department of Veterans Affairs*, 90 M.S.P.R. 614, ¶¶ 4-6 (2002) (reinstating a withdrawn appeal when the appellant withdrew his appeal based on incorrect representations of the administrative judge); *cf. Brown*, 102 M.S.P.R. 377, ¶ 10 (concluding that the dismissal of the appellant's appeal as withdrawn constituted a dismissal of the appeal with prejudice when the withdrawal was not based on incorrect or misleading information, and the appellant did not show that she did not comprehend the implications of her decision).

Accordingly, we deny the appellant's petition for review and forward the matter to the regional office for docketing as a petition for enforcement.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.